NEUER, Plaintiff in Error, *vs.* O'FALLON, GARNISHEE, Defendant in Error.

1. The treasurer of a corporation having its money in his hands, is not liable to garnishment, in a suit against a creditor of the corporation.
2. The fact that the corporation has directed its treasurer to pay out of its funds in his hands a specific sum to the defendant in the attachment suit, as a mere gratuity for the benefit of third parties, will not render the treasurer liable to the process of garnishment, nor would it render the corporation thus liable.

### Error to St. Louis Court of Common Pleas.

Neuer commenced a suit by attachment against Radford and Mallory, in which, on the 11th day of April, 1850, John O'Fallon was summoned as garnishee. The allegations filed by the plaintiff stated that the garnishee, as treasurer of the Illinois coal company, at the time he was summoned, had in his hands a sum of money which the said company upon a settlement with the defendants, who were contractors, had set apart and directed to be paid to them. The answer of the garnishee denied that he had any money of the defendants in his hands, or under his control, either as treasurer or in his individual capacity. He stated that, in the year 1849, Radford and Mallory had a contract under the coal company, which they abandoned before completion, and it was regularly forfeited for non-fulfillment; that the defendants were paid, before the service of the garnishment, more than they were legally entitled to receive; that when the contract was forfeited, the defendants were indebted to their workmen, and the company, being fearful that, if the hands were not paid off, some injury would be done to the property of the company, agreed to pay the defendants what was necessary to enable them to pay off the laborers they had employed; that accordingly, the garnishee, under the authority and direction of the company, did, on the 27th of April, 1850, pay to said Radford and Mallory, out of the funds of the company, the sum of three hundred

and fifty-six dollars and forty-nine cents, which was a mere donation from the company. Upon this answer, the garnishee was discharged.

*C. B. Lord*, for plaintiff in error. It is admitted that the garnishee was not indebted to the defendants, *on his own account*; but from the moment the money was set apart in his hands to be paid to the defendants, it became either a *credit*, within the twelfth section of the act concerning attachments, or it was money of the defendants in the hands of O'Fallon, and subject to garnishee process.

*C. C. Simmons*, for defendant in error. 1. If any one was subject to the garnishment, it was the Illinois coal company, and not O'Fallon. 2. The facts show that Radford and Mallory had no legal claim either against the company or the garnishee.

RYLAND, Judge, delivered the opinion of the court.

1. The only question in this case, involves the correctness of the judgment of the court below in discharging O'Fallon, considering him not liable. Let us consider this question. The answer of O'Fallon, which is not excepted to or denied, shows that he was not indebted to the defendants in the attachment. He held in his hands the funds of a corporation, as its treasurer. These funds were not at his disposal, individually; they were received and receipted for in the name of the corporation; they were paid out only by the orders and directions of the corporation, through the checks of their treasurer, O'Fallon. The corporation was not garnished. In the opinion of this court, O'Fallon was properly discharged.

2. It seems that the corporation owed the defendants nothing; they had abandoned their contract; they owed their workmen, and the company, fearing that their workmen might do some injury or damage to the property belonging to the company, resolved to give to the defendants in the attachment suit, money enough to pay their hands for the work, in order that

the hands might be satisfied, and not injure the property of the company, on account of what they might consider bad treatment of the defendants to them in not paying for their labor. This sum was a mere donation on the part of the company, prompted in self-preservation. It was made for the benefit of the workmen. This money was paid to the defendants through the check of the treasurer. There are no grounds on which, as appears by the answer, this process of garnishment can be maintained against O'Fallon.

The judgment of the court below must be affirmed, and, with the concurrence of the other judges, is affirmed.