ELIAS MERWIN

*v.*

THE CITY OF CHICAGO, Garnishee, etc.

1. MUNICIPAL CORPORATIONS — *not liable to garnishment.* A municipal corporation is not liable to process of garnishment, no matter what may be the character of its indebtedness.

2. FORMER DECISIONS. The case of *The City of Chicago* v. *Hasley*, 25 Ill., 596, cited and commented upon as in harmony with this decision.

134          MERWIN v. CITY OF CHICAGO, ETC.          [Sept. T.,

Statement of the case.          Opinion of the Court.

3. PRIVATE CORPORATIONS — *liabilities of* — *same as individuals.* But a private corporation, unlike a municipal corporation, being created for private purposes, assumes the same duties and liabilities as a private individual.

4. MUNICIPAL CORPORATIONS — *summoned as garnishee* — *may be discharged without answer.* Where a municipal corporation is summoned as a garnishee, it may be discharged on mere motion, and without answer, at any time after process served.

APPEAL from the Circuit Court of Cook county; the Hon. ERASTUS S. WILLIAMS, Judge, presiding.

This was a suit in attachment, commenced by the appellant in the court below, against one Samuel Nicolson, under chapter 9 of the Revised Statutes, entitled "Attachments in Circuit Courts," and the appellee, the City of Chicago, was summoned as garnishee. July 20, 1867, the city, without having answered, was, on motion, discharged as garnishee, and judgment rendered against appellant for costs. Whereupon, the appellant prayed an appeal to this court.

Messrs. FULLER & SHEPARD, for the appellant.

Mr. S. A. IRWIN, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

The only question presented by this record is, whether municipal corporations in this State are liable to the process of garnishment. This court held, in *The City of Chicago* v. *Hasley*, 25 Ill. 596, 597, that the property of such a corporation could not be levied on and sold under execution. This decision was placed upon the grounds of public policy. However strong the obligation of a town or city to pay its debts, it was considered that to allow payment to be enforced by execution would so far impair the usefulness and power of the corporation, in the discharge of its government functions, that the public good required the denial of such a right. It was held that the 29th section of chapter 91 of the Revised Statutes, by which it is provided that the term "persons," when used in the statutes, shall include corporations, must be construed in the statute of judgments and executions, as referring to private corporations.

Although this decision is not conclusive upon the question before us as *res adjudicata*, yet the entire spirit and reasoning upon which it is based must lead us to hold, that a municipal corporation is not liable to process of garnishment. The question has been often before the American courts, and although the decisions are not uniform, in a large majority of the cases it has been held the writ would not lie. The reason given for these decisions is uniformly the same, and is substantially that given by this court in the case in 25th Ill. It must be decided as a question of public policy. These municipal corporations are in the exercise of governmental powers to a very large extent. They control pecuniary interests of great magnitude, and vast numbers of human beings, who are more dependent on the municipal, for the security of life and property, than they are on either the State or the federal government. To permit the great public duties of this corporation to be imperfectly performed, in order that individuals may the better collect their private debts, would be to pervert the great objects of its creation.

That its efficiency for purposes of government would be impaired by holding it liable to garnishment, cannot be doubted. A large and growing city like Chicago, must constantly have hundreds of persons in its employment, and if the city cannot, at short intervals, make a settlement of these multitudinous accounts, but is liable to be drawn into court at the suit of every creditor of its numerous employees, it will not only be engaged in much expensive and vexatious litigation, in which it has no interest; but, if unable to safely pay its employees and contractors, it may lose the services of persons that may be of much value. We understand, however, the counsel for the appellant to concede, that money due municipal officers, agents or contractors, is not liable to garnishment; but, it is insisted, if the city had been required to answer, the alleged indebtedness, in the present case, would not have fallen in either of these classes. But, in our opinion, the city should not be subjected to this species of litigation, no matter what may be the character of its indebtedness. If we hold it must

answer in all these cases, and the exemption from liability be allowed to depend in each case upon the character of the indebtedness, we still leave it liable to a vast amount of litigation in which it has no interest, and obliged to spend the money of the people and the time of its officials in the management of matters wholly foreign to the object of its creation. A municipal corporation cannot be properly turned into an instrument or agency for the collection of private debts. It exists simply for the public welfare, and cannot be required to consume the time of its officers or the money in its treasury in defending suits, in order that one private individual may the better collect a demand due from another. A private corporation must assume the same duties and liabilities as private individuals, since it is created for private purposes. But a municipal corporation is a part of the government. Its powers are held as a trust for the common good. It should be permitted to act only with reference to that object, and should not be subjected to duties, liabilities or expenditures, merely to promote private interest or private convenience.

A similar view of this question was taken in the following cases, cited by counsel for appellee. *Mayor of Baltimore* v. *Root*, 8 Md. 102; *Chialey* v. *Brewer*, 7 Mass. 260; *Bulkley* v. *Eckert*, 3 Barr. 368; *Burnham* v. *City, etc.*, 15 Wis. 194; *McDougall* v. *Board, etc.*, 4 Minn. 184; *Mayor* v. *Rowland*, 26 Ala. 503; *Bank* v. *Dibrell*, 3 Sneed, 382; *Hawthon* v. *St. Louis*, 11 Mo. 59.

The Circuit Court did not err in discharging the city without answer.

*Judgment affirmed.*