Clapp v. Walker & Davis.

| 25 | 315 |
| 110 | 527 |

## CLAPP v. WALKER & DAVIS *et al.*

1. **Garnishment:** OF MUNICIPAL CORPORATION: WAIVER. A municipal corporation may waive its statutory privilege of exemption from garnishment given it by section 3196 of the Revision.

2. —— WHAT AMOUNTS TO WAIVER: ESTOPPEL. If a corporation, after being garnished, instead of pleading its exemption, files its answer admitting an indebtedness to the defendant in a certain sum, but denying any indebtedness to a greater amount, upon which answer issue is taken by the plaintiff, and a trial had upon the merits, resulting in a verdict for the plaintiff, under which a new trial is granted, the corporation cannot, by an instruction to the jury on the second trial, for the first time and in that manner insist upon its exemption to garnishment.

*Appeal from Jefferson District Court.*

THURSDAY, JULY 23.

GARNISHMENT OF MUNICIPAL CORPORATIONS, ETC. — Plaintiff, a creditor of Walker & Davis, commenced suit against them by attachment, and garnished the school district of the city of Fairfield as a debtor of the defendants. In due time plaintiff obtained judgment in his action against Walker & Davis, respecting which no question is made.

Afterward, and in the manner stated in the opinion, he obtained judgment against the school district as garnishee, from which it appeals. The errors assigned relate to the instructions.

*Negus & Culbertson* for the school district.

*Stubbs & McCoid* for the plaintiff.

DILLON, Ch. J. — The statute provides that "a municipal or political corporation shall not be garnished."

**1. GARNISH-MENT: of municipal corporation: waiver.** Rev. § 3196. Before this statute it was held that such corporations owing debts might, with respect to such debts, be garnished. *Wales* v. *Muscatine,* 4 Iowa, 302.

The statute gives to such corporation the privilege of an exemption from this process. This is a privilege which they may insist upon or waive, as they deem most to their interest.

Corporations, like individuals, may waive provisions, whether by contract or by statute, intended to be for their benefit. This is familiar law.

The primary object of section 3196 of the Revision was, doubtless, to relieve such corporations from being embarrassed in the execution of their political, civil or corporate duties, by garnishment. It may perhaps admit of discussion whether it was intended, where such a corporation owed a debt to another, to exempt such corporation from being compelled to pay the creditor of its creditor, instead of paying its creditor directly. Whatever question there may be on this point we leave open, and place our decision on the ground indicated below, conceding for the purposes of this case that the school district might have been discharged if it had not waived the privilege.

Clapp v. Walker & Davis.

The only other inquiry is whether the school district, by its acts and that of its attorneys in court, did waive

2. —— what amounts to waiver: estoppel.

its statutory privilege of exemption from garnishment. That it did so admits of no doubt. To hold that it did not would be most palpably unjust to the plaintiff. This will be manifest by a brief reference to the course of proceedings in the court below. The corporation was duly garnished. Its answers were not taken by the sheriff, but it appeared and obtained leave to answer at a future day. It accordingly answered to the *merits* of its controversy with the defendants who were the debtors of the plaintiff. It admitted in this answer an indebtedness to the defendants of $125, and set forth its reason why it was indebted to no greater extent. It was willing that judgment should go against it for the amount admitted. Neither by the answer or in any other way did it claim that it was not liable to be garnished. The answer is in the regular form of a pleading, and was filed on the 15th day of August, 1867. The plaintiff, claiming that the garnishee was indebted to a greater extent than the $125, filed, on the 20th day of September, 1867, a replication putting in issue the allegations made in the garnishee's answer. On the issues thus tendered by the garnishee, a trial was had on the 11th day of September, 1867, on the merits, resulting in a verdict in favor of the plaintiff for $347. No question was made on this trial by the garnishee as to its non-liability to be garnished.

The garnishee moved for and obtained a new trial, but did not ask for this new trial upon the ground of its exemption from garnishment. Subsequently the garnishee filed an amended answer to the merits, and did not make any claim that it was not subject to be garnished. The plaintiff replied, and a jury was called to try the issues thus tendered by the garnishee.

On this second trial, the garnishee asked the court to give the following instructions:

" The law of Iowa provides that a municipal or political corporation cannot be garnished, and the school district of Fairfield, being such a corporation, is not liable in this proceeding."

·· This the court refused to give, as well as another, intended to embody the same idea.

The court instructed the jury to ascertain from the evidence the amount of indebtedness of the garnishee to the defendants Walker and Davis. The jury returned a verdict for the plaintiffs for $381.87.

The garnishee assigns as error the refusal of the court to charge as requested.

In our judgment, the court, under the circumstances before referred to, properly refused to give the instructions prayed for by the garnishee. There was no issue to which they were applicable, and the garnishee had, by its prior acts and course of proceeding in court, represented by its officers and attorneys, waived the right to insist upon defeating the plaintiff, by an instruction that it was not subject to the process of garnishment.

If it had recovered against the plaintiffs, this would have been a bar to a subsequent suit against the district by the defendants. If it fails, as it once did, or if it finds, after the evidence is in, and large costs are made, that it is likely to fail, can it, for the first time on the trial and by way of an instruction, ask to defeat the plaintiff by setting up its exemption from garnishment proceedings? We think not. The record shows, that, on the two trials of the issues which the garnishee tendered, costs were made to the amount of $139.20. If the instructions prayed for by the garnishee had been given, it would have been discharged, and the plaintiff left to pay the bill of costs. It is not necessary to dwell upon the

injustice of such a result, the more especially as the whole record shows that the garnishee had a dispute with the defendants as to the extent of its indebtedness to them, and regarded it as' immaterial whether it litigated this question directly with the defendants or with the plaintiff as garnishor.

In relation to the other point made, we remark that the exception to the court's charge was too general, and presents no question which can be reviewed in this court.

Affirmed.