## THE STATE *v.* JOHN DEASON.

1. CRIMINAL LAW. *Plea in abatement. Too late after continuance.* Where the defendant pleaded not guilty, and then continued the case until next term at his instance, it is then too late to avail himself of a plea in abatement, alleging the incompetency of one of the grand jurors who found the indictment.

2. SAME. *Same. Sufficiency of such plea.* The Attorney General should have an opportunity to deny the sufficiency of the plea before action of the court is had upon it.

3. SAME. *Same. Same.* The plea itself is insufficient where it fails to aver that twelve competent jurors did not concur in finding the indictment.

Case cited: State *v.* Baker, 4 Hum., 12 and 13.

### FROM CARROL.

Appeal from the Circuit Court.

ATTORNEY-GENERAL HEISKELL for the State.

No counsel marked for defendant.

MCFARLAND, J., delivered the opinion of the court.

The defendant was araigned in the Circuit Court of Carrol county upon an indictment for an assault and battery. He pleaded not guilty. His plea was entered of record, and at his instance the cause continued until the next term, at which time he filed a plea in abatement, which avers that one of the grand jury who found the indictment was incompetent, having been convicted of an infamous crime.

Without any notice being taken of this plea by the Attorney General, the court made an order "allowing the plea," and discharging the defendant. The Attorney General appealed in behalf of the State.

The judgment is erroneous for several reasons:

1st. The Attorney General should have had an opportunity to deny the sufficiency of the plea by demurrer or motion, or to traverse the facts of the plea. This does not appear to have been waived.

2d. It was improper to consider the plea in abatement filed after the plea of not guilty, and a continuance of the cause without special leave to do so. The plea should have been stricken out upon motion or disregarded. The authorities are uniform.

3d. The plea itself was insufficient. It does not aver, directly or indirectly, that twelve competent jurors did not concur in finding the indictment: 4 Hum., 12, 13, and other authorities.

Judgment reversed, and the cause remanded to be tried upon the plea of not guilty.