GEORGE and CHARLES PARSONS *vs.* HUGH McGAVOCK and others.

## October Term, 1875.

MUNICIPAL CORPORATION CANNOT BE MADE A DEFENDANT TO A GARNISHMENT BILL.—A garnishment or creditor's bill will not lie against a municipal corporation, to subject to the satisfaction of the complainant's claim against a third person the supposed indebtedness of the corporation to that person.

*R. McP. Smith,* for complainants.
*McAllister,* for city.

THE CHANCELLOR :—On demurrer. The bill is filed by the complainants, as creditors of the defendant McGavock, to subject, in one aspect, the alleged indebtedness of the corporation of Nashville to the said McGavock, which indebtedness is in litigation in the supreme court, by appeal from a decree of this court in favor of McGavock. The question raised by the demurrer is whether the city, as a municipal corporation, can be made a defendant to such a bill.

In the case of *The City of Memphis* v. *Laski,* decided by our supreme court at its April term, 1872, it was held that a municipal corporation is not subject to the process of garnishment at the suit of a private creditor of the employés of the corporation. The particular case was that of an indebtedness to an employé, but the reasons given apply to all kinds of indebtedness ; and the language of Judge Lawrence, in delivering the opinion in an Illinois case, where he expressly thus extends the doctrine, is quoted with approbation : " The city," he says, " should not be subjected to this species of litigation, no matter what may be the character of the indebtedness. If we hold it must answer in all other cases, and the exemption from liability be allowed to depend in each case upon the character of the indebtedness, we shall leave it liable to a vast amount of litigation in which it has no interest, and obliged to spend the money of the people, and the time of its

officials, in the management of matters wholly foreign to the objects of its creation. A municipal corporation cannot be properly turned into an instrument or agency for the collection of private debts. It exists simply for the public welfare, and cannot be required to consume the time of its officers, or the money in its treasury, in defending suits in order that one private individual may the better collect a demand due from another." *Erwin* v. *City of Chicago*, 45 Ill. 134.

The reasons given by our own court for the general rule thus enunciated are based partly upon the immunity of a municipal corporation as an arm of the government, and partly upon the incompatibility of such duties as are necessarily involved with the discharge of its proper functions as a municipal corporation. Such a corporation is created by the government for political purposes, and is vested with subordinate and local powers of legislation. It is an *imperium in imperio*, and can no more be embarrassed in the exercise of the governmental powers with which it is invested for the public good than can the power creating it. The same reasons of public policy which forbid the embarrassment of the machinery of the state government, by interrupting the proper functions of its officers by process of garnishment or attachment for the collection of debts between private persons, will protect the subordinate governments from a like interruption. *Bank of Tennessee* v. *Dibrell*, 3 Sneed, 379. "The principle of this case," add the court, "we take it, is one of universal application, and would cover all manner of garnishments like this, as against the state, and applies with like force to the city or town, whose welfare might be seriously interrupted if the officers thereof can be, at any time, called away from their municipal duties to answer and defend the litigation of private creditors of the employés, or creditors of the corporation." The various relations which such bodies, through their officers, hold towards individuals as their debtors, would render them liable to be constantly attacked with such

process, and would very materially embarrass them in the performance of their official functions. If they are subject to such suits they are bound to give them the same attention which is required of private individuals, and this would involve them in attendance upon distant courts, and the consequent absence from their respective offices. It would also very much embarrass them in their accounts, and be a wrong to the public, for whose convenience and protection the municipal government was created.

The decision thus made on its face extends to garnishment by execution (Code, § 3087, *et seq.*) and garnishment by attachment. Code, § 3478, *et seq.* The latter form of garnishment may be by bill in equity, as well as by suit at law, and upon matters of purely equitable cognizance. Code, § 3460. It is clear, therefore, that any bill in chancery filed confessedly as an attachment by garnishment would fall directly within the decision, whether the indebtedness of the corporation sought to be reached was to an employé or other "creditor of the corporation." The only question open is whether the principle equally applies to a garnishment or creditor's suit to reach such indebtedness not filed in so many words, under the Code, § 3478, *et seq.*, but under some other statutory provision, as, for example, under the Code, § 4283 or § 4287, or by virtue of the general jurisdiction of the court.

It is obvious that precisely the same evils would follow and the same objections would apply to such litigation as to direct garnishment suits. Under the Code, § 4283, any creditor whose execution has been returned unsatisfied, in whole or in part, may file a bill in chancery against the defendant in the execution, and any other person or corporation, to compel the discovery of money due to such defendants, and to subject the same to the satisfaction of his judgment. What is this but a garnishment bill? Does the word corporation in this section include municipal corporations, or only private corporations? If it embrace municipal corporations, would it not be as much against

the objects of their creation, and lead to precisely the same evils—the withdrawing the officers from their proper duties and burdening the corporation with the expense of private litigation—as in direct garnishment bills? The judgment creditor may file his bill wherever he can find his debtor, and may require the corporation to defend in remote parts of the state; and any number of creditors of a single debtor may file separate bills in any part of the state. Obviously, if a garnishment bill proper will not lie, neither will any other bill which is in substance the same, and which leads to precisely the same results. The word corporation used in this connection has very properly been limited to private corporations. *City of Memphis* v. *State*, 9 Heisk. 511. And so the courts of Illinois have held, under statutory provisions which use the word corporation generally, like our Code. 45 Ill. 133.

The present bill suggests these evils forcibly and directly. The supposed indebtedness of the city grows out of the alleged purchase from McGavock of lands for a public park, at the price of $46,500. Originally, it seems, five notes were given for the purchase money, four for $10,000 each, and one for $6,500. These were subsequently changed by the city officials, without authority, for forty-six bonds of $1,000 each, and one for $500, having ten years to run, with coupons for interest attached, at 6 per cent. per annum, payable semi-annually. The complainants are the holders, the one of $15,000 of these bonds, the other of $5,000. The bill states that one William T. Elliott owns $3,000 of them, and one Julius Sax the residue. In two several suits brought against the city on the coupons, in the United States circuit court at Nashville, the bonds have been held to be void, in one of them by Mr. Justice Swayne, of the Supreme Court of the United States, and in the other by Judge Emmons, the United States circuit judge for this circuit. They have also, adds the bill, been recently held void by this court. Nevertheless, the complainants insist upon the liability of McGavock to them on said bonds, and seek to subject the

indebtedness of the city to him to the satisfaction of his indebtedness to them. The officers of the corporation are called away from their municipal duties to answer and defend the litigation of private creditors of a creditor of the corporation—if, indeed, he be a creditor, which yet remains to be determined. Any other holder of any one or more of these bonds would be equally entitled to file a similar bill wherever they could serve process on McGavock. There might be forty suits, as well as one, if the position assumed be correct. But this is precisely the evil dwelt upon by our supreme court as demonstrating that garnishment proceedings would not lie against municipal corporations.

I am unable to see any distinction between suits of the character of the one now under consideration and garnishment suits proper, in the evils which result from allowing them to be brought against municipal corporations. If the latter class of suits cannot be permitted for the reasons given in *City of Memphis* v. *Laski*, neither can the other. " The perversion of the duties and functions of the municipal government, and the wrong to the public, for whose convenience and protection that government was created," are as pronounced in the former as in the latter. " The expense, inconvenience, and embarrassment, incident to such litigation," are precisely the same in both. I am of opinion, therefore, that a municipal corporation cannot be called upon to defend the litigation of private creditors of creditors of the corporation, the object of which is simply to make it the instrument or agency for the collection of such private debts.

The demurrer is well taken, and must be allowed, with costs.

The conclusion thus reached does not materially prejudice the rights of creditors, for they may still subject the indebtedness of a municipal corporation through the injunctive process of this court, and the appointment of a receiver.