# WALLACE v. LAWYER ET AL.

PROCEEDINGS SUPPLEMENTARY TO EXECUTION.—*Body Politic and Corporate.*—*Indebtedness of can not be Subjected.*—A body politic and corporate can not be made a defendant, in proceedings supplementary to execution, to answer as to its indebtedness to an execution-debtor.

SAME.—*County.*—*Officer.*—*Salary of County Officer.*—A county can not be held to answer as to its indebtedness to an execution-debtor for his salary as an officer of such county, in proceedings supplementary to execution.

SAME.—*County Auditor.*—*Salary can not be Subjected.*—The wages, fees or salary of a county auditor, due to him from his county, can not be subjected to the payment of his debts by proceedings supplementary to execution.

SAME.—*Boards of Commissioners.*—*County Treasurer.*—Proceedings supplementary to execution can not be maintained against the treasurer and board of commissioners of a county, to subject an indebtedness of such county to an execution-debtor to the payment of his debts.

SAME.—*Statute Construed.*—*What Corporations may be Reached.*—Section 522 of the practice act of this state, 2 R. S. 1876, p. 231, authorizing proceedings supplementary to execution against any "person" or "*corporation*", refers, not to municipal corporations or bodies politic and corporate, but only to private or ordinary business corporations.

SAME.—*What Property may be Reached.*—Section 524 of such act, relating to proceedings supplementary to execution, reaches only the "property of the judgment-debtor, not exempt from execution", and not his moneys, claims and choses in action.

SAME.—*Exemption.*—*How Obtained in Proceedings Supplementary to Execution.*

Where, on the trial of proceedings supplementary to execution, the special finding of the court shows that the execution-debtor is a resident householder of this state, and that he has no property subject to execution except the amount exempt by law, he is entitled to a judgment in his favor, without demanding his exemption as such claim is made against an execution in the hands of an officer.

From the Hamilton Circuit Court.

*D· V. Burns*, for appellant.

*D. Moss* and *T. J. Kane*, for appellees.

BIDDLE, J.—The appellant commenced proceedings supplementary to execution against Peter Lawyer and Edward K. Hall, also making the board of commissioners of Hamilton county and Stillman· C. Montgomery, treasurer, defendants. His complaint contains two paragraphs, each of which is substantially as follows:

That on the 1st day of November, 1871, Joseph B. Randall recovered, in the superior court of Marion county, Indiana, a judgment against said Peter C. Lawyer and Edward K. Hall, for six hundred and ninety-two dollars and seventy-four cents, which, with interest and costs, remains wholly unpaid. That on the 30th day of July, 1874, Randall assigned, in writing, in proper form, said judgment to the appellant. That on the —— day of September, 1874, the appellant caused an execution to be issued upon said judgment, directed to the sheriff of Hamilton county, wherein Lawyer and Hall resided, which execution was returned "not satisfied." That he believes that the defendant Hall has property, means and effects, sufficient to satisfy said judgment, interest and costs, in Hamilton county, but that he unjustly and fraudulently refuses to apply the same to the payment of said judgment, and conceals the same from being levied on by an officer. That he is informed and believes that Hamilton county is indebted to Hall in the sum of one thousand dollars, now in the hands of her treasurer, Stillman C. Montgomery, which, together with other property claimed by Hall, exceeds the amount of property allowed by law

as exempt from execution. Prayer, that the board of commissioners and the other defendants may be summoned to answer, and that said indebtedness may be applied to satisfy the appellant's judgment.

Hall and Lawyer demurred, jointly and separately, to the complaint, alleging the insufficiency of the facts charged, as cause. Separate demurrers were filed by the board of commissioners and Montgomery, the treasurer, alleging the same cause. The demurrers were overruled, and exceptions taken, but the appellees have not assigned cross-errors. Answers were filed by each of the appellees; and the appellant requested the court to state the facts, as found, in writing, and the conclusions of law thereon.

The court made the finding and applied the law, as follows:

"First. That on the 1st day of November, 1871, Joseph B. Randall recovered a judgment in the superior court of Marion county, Indiana, against the defendants Peter C. Lawyer and Edward K. Hall, for the sum of six hundred and ninety-two dollars and seventy-four cents, together with costs of suit, taxed at —— dollars, which judgment, the said Randall, on the 30th day of July, 1874, sold and assigned to the plaintiff herein, Andrew Wallace, who, on the 5th day of September, 1874, caused an execution to issue thereon to the sheriff of Hamilton county, Indiana, the county wherein the defendants Lawyer and Hall reside; which execution said sheriff, on the 14th day of November, 1874, returned to the clerk of said Marion superior court, wholly unsatisfied.

"Second. That said defendant Hall is the auditor of Hamilton county, Indiana, and that said county has not paid him anything for services performed for her by said Hall, as said auditor, since the 15th day of September, 1874, the same being the date of the last settlement between the said auditor and the said county. That said Hall, as said auditor, has not yet presented to the board of commissioners of said county an itemized statement

of the fees due him, from the said county, for the quarter ending December 13th, 1874, and that in consequence thereof no sum has been allowed him for said services for said quarter, by the said board of commissioners, but that there is due the said Hall, from the said county, for services performed by him as auditor thereof, about the sum of one thousand dollars ($1,000.00); that in addition thereto the said Hall is possessed of household furniture of the value of three hundred dollars ($300.00). And the court further finds that said Hall has a family and is a resident householder of said Hamilton county. The court further finds that said Hall has to employ a clerk to assist him in his office of auditor of said county. The court further finds that said Hall has no other property than that above found, and that there is no other indebtedness due from Hamilton county or the other parties mentioned in the complaint, to the defendant Hall herein, than the fees as above mentioned, and that the defendant Lawyer has no property.

" And the court concludes that the fees above found are not such indebtedness as that contemplated by the statute under which these proceedings are brought. To which conclusions the plaintiff excepts. Thereupon the cause is dismissed at the plaintiff's costs, to which the plaintiff excepts. Judgment accordingly."

The appellant excepted to the conclusions of law, as applied to the facts found by the court, and also, by proper motions and exceptions, raised the question of the sufficiency of the evidence to support the finding. There does not seem to us to be much room for dispute about the facts; nor do we clearly perceive why the appellant should want a new trial, when every substantial fact alleged in his complaint is found in his favor. The finding is fully sustained by the evidence, and we think it would sustain nothing more than the finding.

The statute under which these proceedings were had, and similar statutes in some other states, are compara-

tively new in our jurisprudence; consequently there are but few decisions upon them. The proceedings it authorizes, however, have many analogies to a creditor's bill, a bill to subject choses in action to execution, and attachment and garnishment. We must look, therefore, to the decisions under these well established modes of procedure, for light to guide us in this newer but similar field.

Two questions arise in this case which have never before been presented in this state. It behooves us, therefore, to settle them upon the true basis.

First. Can a body politic and corporate, in proceedings supplementary to execution, where made a defendant, be required to answer as to its indebtedness to the execution-debtor?

In the case of *Merwin* v. *City of Chicago*, 45 Ill. 133, it was held, that a municipal corporation is not liable to process of garnishment. LAWRENCE, J., in delivering the opinion of the court, says: "The question has been often before the American courts, and although the decisions are not uniform, in a large majority of the cases it has been held the writ would not lie. The reason given for these decisions is uniformly the same, and is substantially that given by this court in the case in 25th Ill." (*City of Chicago* v. *Hasley*, p. 595). "It must be decided as a question of public policy. These municipal corporations are in the exercise of governmental powers to a very large extent. They control pecuniary interests of great magnitude, and vast numbers of human beings, who are more dependent on the municipal, for the security of life and property, than they are on either the state or the federal government. To permit the great public duties of this corporation to be imperfectly performed, in order that individuals may the better collect their private debts, would be to pervert the great objects of its creation."

It seems to us that this reasoning is sound; and we think the board of commissioners, in the case before us, in principle, stands upon the similar ground to a garnishee

in attachment. The same principle was approved in the following cases: *Burnham* v. *The City of Fond Du Lac*, 15 Wis. 193; *City of Erie* v. *Knapp*, 29 Pa. State, 173; *Chealy* v. *Brewer*, 7 Mass. 259; *Divine* v. *Harvie*, 7 T. B. Mon. 440; *The State of Maryland* v. *The Baltimore and Ohio R. R. Co.*, 12 Gill. & J. 399; *Bulkley* v. *Eckert*, 3 Pa. State, 368.

The case of *Pendleton* v. *Perkins and The City of St. Louis*, 49 Mo. 565, would seem to be against this view. But that case was a bill in equity to subject a debt, due from the corporation to an absconding debtor, to the payment of his liabilities; and it was expressly held, in the same case, that the statutory garnishment would not lie against the corporation. The case, therefore, does not essentially conflict with the general current of authority. And it is likely, in the case before us, that Montgomery, the county treasurer, would stand upon the same ground, in this respect, as the board of commissioners. *Neuer* v. *O'Fallon*, 18 Mo. 277.

These authorities mainly refer to municipal corporations, but we think the same principle applicable to a body politic and corporate, as a county, and even for stronger reasons. And the decisions are generally made upon statutes authorizing corporations, in terms, to be garnisheed, yet the courts hold that the general word, corporation, must be restricted to mean private or ordinary business corporations, and not extended to embrace municipal corporations or bodies politic and corporate. The words used in the statute of this state are, any " person " or " corporation," in general terms. 2 R. S. 1876, p. 231, sec. 522.

In the case of *The City of Newark* v. *Funk*, 15 Ohio State, 462, it was held, that salaries of the officers of incorporated cities, due and unpaid, may be subjected by judgment creditors of such officers, to the payment of their judgments, under the provisions of section 458 of the code of civil procedure; but this case seems to have been

placed upon the peculiar wording of the statute. WELCH, J., in delivering the opinion of the court, remarked: " The words of the statute seem plain. They are, that '*any* claim or chose in action,' and that 'all money' in the hands of '*any* person, body politic or corporate,' may be subjected."

It is plain, here, that the words " body politic or corporate," by force of the terms, include municipal corporations; while in our statute the words are, any "person" or " corporation," which latter word may fairly be construed to mean only a private or business corporation. There is another plain difference between the two statutes. The Ohio statute subjects " any claim or chose in action," and " all money," to such payment; while the Indiana statute reaches only the "property of the judgment-debtor, not exempt from execution." Sec. 524, *supra.*

That court, in *The City of Newark* v. *Funk, supra,* admitting the conflict of authority between· other states, also remarked: " We do not feel bound by any of them, and see nothing to prevent us from deciding the question as an original one, according to our own views of public policy, and of the meaning and intent of the statute." But we have not been able to find any other case in accordance with this view.

Second. Can the wages, fees or salary of a county auditor, due from the county, be subjected, in the hands of the county, to the payment of his debts, under proceedings supplementary to execution?

The earliest decision of this question we have found is in the case of *Hawthorn* v. *City of St. Louis,* 11 Mo. 59, wherein it is held that a public corporation is not, like a private corporation, liable to be garnisheed for a sum due to an officer of such corporation as a part of his salary. McBRIDE, J., in delivering the opinion, says: "But the city of St. Louis is a public municipal corporation, created for the public benefit, and not subject to the same rules governing private corporations, such as banks, in-

surance companies, and other similar corporations. It should not, therefore, be compelled to stand at the bar of all the courts in the state and participate in the judicial controversies carried on between debtors and creditors. Whilst these contests would be going on, the public interests would suffer by abstracting from their corporate duties the time and attention of the officers, and occupying them in contests about which the corporation had no interest. And however desirable it may be to creditors to enforce against the officers of the corporation their just demands, by the means resorted to in this case, yet we think that public policy forbids the imposition of such a liability upon the corporation."

The same principle was clearly adhered to in *Mayor, etc., of Baltimore* v. *Root*, 8 Md. 95; and in *Mayor, etc., of Mobile* v. *Rowland*, 26 Ala. 498; also in *Fortune* v. *City of St. Louis*, 23 Mo. 239, wherein there was a strong effort made to induce the court to overrule the case in 11 Mo., *supra*, but without effect. The same rulings were had in *The President, etc., of The Union Turnpike Co.* v. *Jenkins*, 2 Mass. 37, and *Bradley* v. *Town of Richmond*, 6 Vt. 121.

In *Stillman* v. *Isham*, 11 Conn. 123, it is directly decided that public officers, having money in their hands to which certain individuals are entitled, are not liable to the creditors of those individuals, in the process of foreign attachment; and in *Ward* v. *The County of Hartford*, 12 Conn. 404, it was held that a county is not liable to the process of foreign attachment. And in the case of *Merwin* v. *City of Chicago*, *supra*, it was conceded that money due to municipal officers, agents or contractors was not liable to garnishment.

All the cases we have consulted upon these questions seem to rest their decisions upon a branch of the great public principle which exempts an embassador, a foreign minister, *charge d'affaires*, consul, members of a legislature or other public functionaries, while in office and in

the public service, from civil arrest or other legal embarrassment at the suit of a private party. Without such a rule, it would frequently be in the power of an individual to endanger the public interests or even check the wheels of government, which would be a far greater public evil than the occasional delay or even sacrifice of a private right. The exemption is not given to the person for a private advantage, but granted to the office from public necessity.

But it is insisted by the appellant that the judgment-debtor, though he may be a resident householder, is not entitled to any property exempt from execution, on that account, until he makes his claim to it upon that ground, and has it set apart to him according to the terms of the statute; that all his property is, prima facie, subject to execution, and that he will be held to have waived his right of exemption, which is merely a personal privilege, unless he makes his claim as above stated. This may be quite true as to executions at law, which are aimed at no particular property but at the property of the defendant generally, and when it is not shown upon their face, nor by the judgments upon which they are issued, that the judgment defendant is a resident householder, nor that he may not have property in excess of the amount exempt from execution; but in an equitable proceeding, like the present, seeking specific property, when the finding is that the defendant is a resident householder, and shows that he has no property subject to execution over the amount exempt by law, the court will not grant the plaintiff relief, against which it is apparent that the defendant, in another or further proceeding, has a good defence at law. The court having jurisdiction of the whole matter grants the entire relief.

We are thus conducted to the conclusion that, under our statute, and according to the finding of the court, the property sought to be reached in the hands of the board

of commissioners, can not be subjected to the payment of a judgment against the county auditor, by proceedings supplementary to execution.

The judgment is affirmed, with costs.

This opinion was filed at the May term, 1876, and a petition for a rehearing overruled at the November term, 1876.