JENKS v. OSCEOLA TOWNSHIP.

1. **Garnishment:** MUNICIPAL CORPORATION. The rule that municipal corporations shall not be garnished is not limited to cases where it would interfere with the discharge of corporate duties but is universal in its application.

2. ———: ———: PRACTICE. An objection based upon the exemption of municipal corporations from garnishment need not be made before the commissioner, but will be in time if raised when the answer is filed.

*Appeal from Clarke Circuit Court.*

FRIDAY, APRIL 6.

THE defendant was garnished as the supposed debtor of one Densmore. At the next term of court, and on the 14th day

of February, 1876, a commissioner was appointed to take the answer of the defendant as such garnishee. On the 22d day of February the commissioner filed the answer of the garnishee. It was admitted that the defendant was indebted to said Densmore in the sum of three hundred and sixty dollars. On the 24th of February the defendant filed a motion to discharge the attachment and quash the levy of the writ of attachment so far as the garnishment of the defendant was concerned, on the ground that defendant was a municipal corporation and, therefore, not subject to garnishment, which motion being sustained the plaintiff appeals.

*S. P. Ayres* and *Chaney & Temple*, for appellant.

*Wilson & Stephens*, for appellee.

SEEVERS, J.—Both parties have treated defendant as, and thereby practically conceded it to be, a municipal corporation, capable of suing and being sued, and we shall consider the question for determination as it has been presented by counsel. The Code provides that "a municipal corporation shall not be garnished." Sec. 2976. It is insisted that it was not intended to exempt municipal corporations from the process of garnishment in all cases but only to an extent sufficient to protect them against embarrassment in the execution of their political, civil or corporate duties. But the exemption applies to all cases, and if the intent had been as counsel claim the general assembly should have so provided. Instead of so doing, in plain and concise language it has been provided that such corporations shall not be garnished. What warrant is there for interpolating into the statute conditions and exceptions? None, we think. On the contrary there are good reasons why this should not be done. If the construction claimed by counsel should prevail, then, instead of every case turning upon the language of the statute, the inquiry would be, does the particular garnishment interfere with the political, civil or corporate duties of the defendant? if so, how seriously will it be embarrassed? and these questions must be determined by

*Marginal note:* 1. GARNISHMENT: municipal corporation.

jurors under instructions of the court. We cannot sanction such a construction.

II. It is urged that such corporation may waive the exemption, and it was so held in *Clapp v. Walker & Davis*, 25

**2. ——; ——; practice.** Iowa, 315. In that case there were two trials in the court below. The corporation did not, by either motion or answer, raise the question of its liability to the process of garnishment. Nor was any question raised on the first trial as to its non-liability to be garnished. A motion was filed for a new trial, which was granted, but the question as to the exemption of the corporation was not a ground of such motion. On the second trial the corporation asked the court to instruct the jury it was not liable to such process, which was refused, and this court held there was no error because there was no such issue before the jury. The present case is very different. A commissioner having been appointed to take the answer of the defendant as to its indebtedness to the principal defendant, it is insisted that the exemption should have been claimed before him. It is true the defendant might have so claimed, but the commissioner had no power to determine this question, and, had there been a refusal to answer touching the indebtedness, it is possible the defendant would have been in default. But, however this may be, the answer made before the commissioner was proper and such as was contemplated by his appointment. Upon the filing of the commissioner's report, and at the same term of court, the defendant raised the question as to its liability under the law. This was sufficient as to time, and it was the proper place and there was no waiver.

AFFIRMED.