No. 11,876.

SECRIST v. THE BOARD OF COMMISSIONERS OF DELAWARE COUNTY.

MECHANIC'S LIEN.—*Material Man.*—*Public Building.*—*County.*—*Contractor's Bond.*—*Remedy by Action on.*—Under sections 5293 and 5295, R. S. 1881, relating to the enforcement of mechanics' liens, there could be no lien upon a county building on account of materials furnished therefor to the contractor, and likewise no personal liability on the part of the county in favor of such material man. In such case, the remedy is by action on the contractor's bond as provided for by sections 4246 and 4247, R. S. 1881.

From the Delaware Circuit Court.

*J. R. McMahan,* for appellant.

*J. W. Ryan* and *W. Brotherton,* for appellee.

BICKNELL, C. C.—On the 11th of December, 1883, the appellant filed with the county board of Delaware county, her claim against said county, alleging that Meyers & Son were the contractors for building a jail for the county, and that the claimant, between the 1st days of April and October, 1882, had supplied said contractors with stone used in the construction of said jail; that there was a large sum of money due and unpaid thereon; that in May, 1883, the claimant notified said county board in writing, that she intended to hold the county liable to her for the payment of said sum of money; that when said notice was given, the county had in hand $6,000, which was due said Meyers & Son for work on said jail. The claimant demanded an allowance for the sum of $2.810.95 and six per cent. interest from October 1st, 1882, and $200 as attorney's fees.

The county board refused to allow the claim; the claimant appealed to the Delaware Circuit Court; there the defendant moved to dismiss the claim, because the claim did not state facts sufficient, and because the county board had no jurisdiction to determine the matters in said claim set forth. This

motion was sustained, and the claim was dismissed at the claimant's costs.   She appealed to this court.

The error assigned is that the circuit court sustained the motion to dismiss the claim.

The law in force at the time when these materials were furnished was section 5295, R. S. 1881, which provided that "Any sub-contractor, journeyman, or laborer employed in the construction, repair, or furnishing materials for any building, may give to the owner thereof, or, if such owner be absent, to his agent in charge of said building or repairs, notice in writing, particularly setting forth the amount of his claim and services rendered for which his employer is indebted to him, and that he holds the owner responsible for the same. The owner shall be liable for such claim, but not to exceed the amount which may be due, and may thereafter become due, from him to the employer; which may be recovered in an action whenever an amount equal to such claim over other claims having priority shall be due from such owner to the employer."

Section 5295, *supra,* provides for the personal liability of an owner to a material man.   It was section 649 of article 36 of the code of 1852, as amended by the act of March 11th, 1867.   2 R. S. 1876, p. 267.   The caption of said article 36 was, "To enforce mechanics' liens on buildings."   It was held in *Board, etc.,* v. *O'Conner,* 86 Ind. 531 (44 Am. R. 338), that the mechanics' lien law of this State contains no provision to the effect that such a lien may be acquired or enforced upon or against public property held for public use, and that, in the absence of such a provision, no such lien can be enforced against such property.

The case just cited was an action commenced in the circuit court, claiming such a lien against such public property, and it was held, for the reason above stated, that a demurrer to the complaint for want of facts sufficient was properly sustained.

So, in the case of *Lowe* v. *Board, etc.*, 94 Ind. 553, this court said: " Laws creating liens in favor of mechanics do not operate on the public property of municipal corporations. * * * The statutes giving liens to mechanics, and the statutes creating judgment liens, are broad and comprehensive and free from exceptions, and yet it has never been supposed that these statutes operate upon the public property of counties or cities."

Although section 5295, *supra*, does not provide for a lien, yet it undertakes to establish a personal liability of the owner to the party who, under section 5293, R. S. 1881, might have a lien.

We think it was the intention of the Legislature in these sections to create a personal liability in favor of those only to whom a lien was given, and that as there can be no lien upon a county building for materials furnished, so, also, there can be no personal liability established against a county in favor of a party who has furnished materials to a contractor for a public building of the county. The phrase " personal liability," used in said section 5295, is not applicable to such municipal corporations as a county, and it would be contrary to public policy that a county should be involved in controversies and litigation between contractors and material men and laborers. A remedy for the party who has furnished such materials to a contractor for a county building, is found in sections 4246 and 4247, R. S. 1881, as follows:

" 4246. No bid for the building or repairing any courthouse, jail, poor asylum, bridge, fence, or other county building shall be received or entertained by the board of commissioners of any county in this State, unless such bid shall be accompanied by a good and sufficient bond, payable to the State of Indiana, signed by at least two resident freehold sureties; which bond shall guarantee the faithful performance and execution of the work so bid for, in case the same is awarded to said bidder, and that the contractor, so receiving said con-

tract, shall promptly pay all debts incurred by him in the prosecution of such work, including labor, materials furnished, and for boarding the laborers thereon.

"4247. Any laborer and material man, or person furnishing board to said contractor, as in the preceding section provided, and having a claim against such contractor therefor, shall have the right of action against such contractor and his bondsmen therefor: *Provided*, Such person shall have first demanded payment of the same from such contractor."

In *Wallace* v. *Lawyer*, 54 Ind. 501 (23 Am. R. 661), it was held that a county can not be made a co-defendant in a proceeding supplementary to execution against a debtor, to answer as to its indebtedness to the execution debtor. And it is also held that a municipal corporation is not liable to the process of garnishment. The reason given for these rulings is, that it would be contrary to public policy to permit such public corporations to be involved in such litigations, or to permit their public duties to be embarrassed in order that individuals might more readily collect their private debts. *City of Chicago* v. *Hasley*, 25 Ill. 595; *Merwin* v. *City of Chicago*, 45 Ill. 133. These were decisions in relation to cities, but the principle asserted therein has been held by this court to be equally applicable to counties. *Wallace* v. *Lawyer, supra.*

We think it would be contrary to public policy to enforce against the county the claim presented in this suit, and that, therefore, said claim was properly dismissed by the circuit court for want of facts sufficient, etc.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and the same is hereby in all things affirmed, at the costs of the appellant.

Filed Jan. 30, 1885.