Filed Sept. 26, 1890.

---

No. 14,343.

WOOD v. THE STATE, EX REL. CANADY, AUDITOR.

PROSECUTING ATTORNEY.—*Public Officer.—Judgment Against.—Lien for Fee.*—A prosecuting attorney who obtains judgment, in behalf of a county, against a defaulting treasurer for public money, is not entitled to a lien upon the judgment to secure his statutory fee.

From the Delaware Circuit Court.

*W. R. Pierse, C. B. Gerard* and *D. W. Wood,* for appellant.
*T. B. Orr,* for appellee.

ELLIOTT, J.—The question which this case presents may be thus stated: Is a prosecuting attorney who obtains judgment on the relation of a county auditor upon the official bond of a defaulting county treasurer entitled to a lien upon that judgment to secure his statutory fee?

We have decided that a prosecuting attorney who carries to judgment an action upon the bond of a county treasurer is entitled to the compensation fixed by the statute, so that the question here involved is as to his right to secure his compensation by a lien. *Wood* v. *Board, etc., post*, p. 270.

An officer who obtains judgment, in behalf of a county, against a defaulting treasurer for public money, is not entitled to a lien upon the judgment. The law will not permit the administration of governmental affairs to be embarrassed by the seizure of public property, or public funds, to pay debts due individuals. It will not, indeed, permit the seizure of the salaries of public officers by creditors. *Wallace* v. *Lawyer*, 54 Ind. 501; *Bradley* v. *Town of Richmond*, 6 Vt. 121; *Jenks* v. *Osceola Township*, 45 Iowa, 554; *City of Memphis* v. *Laski*, 9 Heisk. 511 (24 Am. Rep. 327); *Merwin* v. *City of Chicago*, 45 Ill. 133 (92 Am. Dec. 204). This settled rule rests upon considerations of public policy, and it is its object to prevent embarrassment in governmental affairs, and not to protect or assist public officers. It is difficult to conceive a case where there is stronger reason for the rule than one, such as this, where a public officer seeks to embarrass the collection of the public revenues by tying up money due a governmental subdivision by asserting a lien.

Judgment affirmed.

Filed Sept. 26, 1890.

---

NEGLIGENCE.—*Action for Personal Injuries.—Complaint.—Fellow-Servants.—Contributory Negligence of.—Need not be Negatived.*—In an action by an employee of a railroad company against another corporation, in this instance a bridge company, for damages for personal injuries, it is not necessary to allege in the complaint that the fellow-servants of the plaintiff were not guilty of negligence contributing to the injury.