THE ADDYSTON PIPE AND STEEL COMPANY

*v.*

THE CITY OF CHICAGO *et al.*

*Opinion filed December 22, 1897.*

CREDITOR'S BILL—*a creditor's bill will not lie against a city to reach a debt owing by city to third party.* A creditor's bill will not lie against a municipal corporation to enable the complainant to reach a debt owing by the municipal corporation to a third party.

*Addyston Pipe and Steel Co.* v. *Chicago,* 58 Ill. App. 273, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

JOHN T. BARKER, for appellant:

A municipal corporation is, strictly, a body politic or corporate.    1 Dillon on Mun. Corp. (4th ed.) sec. 18.

A municipal corporation is a trustee holding property in trust for the use of the public, (*Hyde Park* v. *Chicago,* 124 Ill. 156, *McCord* v. *Pike,* 121 id. 288,) and, being a trustee for its constituents, it stands on the footing of other corporations.    *Sherlock* v. *Winnetka,* 59 Ill. 389.

Equity has no power to dispense·with the plain requirements of a statute.    *Stone* v. *Gardner,* 20 Ill. 304.

Its jurisdiction is ancient and ample, and not limited to the construction given to garnishment acts.    *Smithier* v. *Lewis,* 1 Vern. 398; *Balch* v. *Westall,* 1 P. Wms. 445; *Stone Co.* v. *Wheeler,* 6 Ill. App. 225.

The public is interested in the enforcement of lawful contracts, as well as in the suppression of illegal transactions.    Greenhood on Public Policy, 29.

A contract for work performed under the direction of a board of public works and of superintendents, fixes the liability throughout.    *Chicago* v. *Dermody,* 61 Ill. 431.

A debt due by a municipal corporation to its creditor may, by a creditor's bill, be subjected to the satisfaction

of a judgment against the creditor. *Furlong* v. *Thomssen,* 19 Mo. App. 364; *Beal* v. *McVicker,* 3 id. 592; *Pendleton* v. *Perkins,* 49 Mo. 565; *Lyell* v. *St. Clair,* 3 McLean, 580; *Stone Co.* v. *Wheeler,* 6 Ill. App. 225; *Sinking Fund Commissioners* v. *Bank,* 1 Metc. (Ky.) 174.

WILLIAM G. BEALE, Corporation Counsel, BYRON BOYDEN, and EDWARD B. BURLING, for appellees:

Municipal corporations having money to which an individual is entitled are not subject to garnishment at the suit of the creditors of such individual. Dillon on Mun. Corp. sec. 101; *Linton* v. *Chicago,* 45 Ill. 136; *Freibel* v. *Coleman,* 64 id. 376; *Merwin* v. *Chicago,* 45 id. 133.

Garnishment proceedings and creditor's bills are practically one and the same kind of litigation, and are both instituted for the same object, viz., to reach money in the possession of third parties due from a judgment debtor to a judgment creditor.

Mr. JUSTICE CRAIG delivered the opinion of the court:

This is an appeal from a judgment of the Appellate Court affirming a judgment of the Superior Court of Cook county, sustaining a demurrer to a creditor's bill brought by the Addyston Pipe and Steel Company, against the city of Chicago and one Michael J. Joyce. It is alleged in the bill that the defendant Joyce had a contract with the city of Chicago, in and about the performance of which the complainant furnished him material and labor which he failed to pay for. The bill then alleges the obtaining of judgment, issuing of execution and return of execution *nulla bona;* that the city holds money and effects which belong to the defendant Joyce, and prays discovery as is provided for in section 49 of the Chancery act. (Hurd's Stat. p. 217.) In brief, the claim made in the bill is, that the city of Chicago is indebted to Joyce for labor performed under his contract with the city, and complainant is entitled, by creditor's bill, to reach the money and com-

pel its payment to complainant.   The demurrer was sustained in the Superior Court, and the judgment affirmed in the Appellate Court, on the sole ground that a creditor's bill will not lie against a municipal corporation, and the correctness of that decision is the only question presented by this record.

This court held in *City of Chicago* v. *Hasley*, 25 Ill. 485, that the property of a municipal corporation like Chicago could not be levied upon and sold under an execution. This decision was predicated upon the ground of public policy.   It is there said (p. 486): "There can be no doubt that the property of a private corporation may be seized and sold under a *fi. fa.* for the payment of its debts, as in the case of an individual.   *   *   *   The nature, objects and liabilities of political, municipal or public corporations, we think, stand on different grounds.   These corporations signify a community, and are clothed with very extensive civil authority and political power.   All municipal corporations are both public and political bodies. They are the embodiment of so much political power as may be adjudged necessary by the legislature granting the charter for the proper government of the people within the limits of the city or town incorporated.   *  .*   *   For these purposes the authorities can raise revenue by taxation, make public improvements and defray the expenses thereof by taxation."   The court then goes on to show that if the property of the city could be levied on and sold it would be impossible for it to perform the functions for the people for which it was created.

In *Merwin* v. *City of Chicago*, 45 Ill. 133, the question arose whether a municipal corporation was liable to garnishment, and the court, after referring to *City of Chicago* v. *Hasley, supra,* with approval, held that it was not so liable.   It is there said (p. 135):   "The question has been often before the American courts, and, although the decisions are not uniform, in a large majority of the cases it has been held the writ would not lie.   The reason given

for these decisions is uniformly the same, and is substantially that given by this court in the case in 25th Ill. It must be decided as a question of public policy. These municipal corporations are in the exercise of governmental powers, to a very large extent. They control pecuniary interests of great magnitude and vast numbers of human beings, who are more dependent upon the municipal, for the security of life and property, than they are on either the State or the Federal government. To permit the great public duties of this corporation to be imperfectly performed in order that individuals may the better collect their private debts would be to pervert the great objects of its creation. That its efficiency for purposes of government would be impaired by holding it liable to garnishment cannot be doubted. A large and growing city like Chicago must constantly have hundreds of persons in its employment, and if the city cannot, at short intervals, make a settlement of these multitudinous accounts, but is liable to be drawn into court at the suit of every creditor of its numerous employees, it will not only be engaged in much expensive and vexatious litigation in which it has no interest, but, if unable to safely pay its employees and contractors, it may lose the services of persons that may be of much value. * * * A municipal corporation can not be properly turned into an instrument or agency for the collection of private debts. It exists simply for the public welfare, and cannot be required to consume the time of its officers or the money in its treasury in defending suits, in order that one private individual may the better collect a demand due from another."

The doctrine announced in *Merwin* v. *City of Chicago* is fully sustained by the following authorities: *Chamberlain* v. *Gaillard*, 26 Ala. 504; *City of Memphis* v. *Laski*, 65 Tenn. 511; *People ex rel.* v. *Omaha*, 2 Neb. 169; *Nightower* v. *Slaton*, 54 Ga. 110; *Wallace* v. *Lawyer*, 54 Ind. 508; *School District* v. *Gage*, 39 Mich. 486; *McDougal* v. *Board of Supervisors*, 4 Minn. 189; *Burnham* v. *City of Fond du Lac*, 15 Wis. 194.

The decision of the questions in these cases, as will be found upon examination, is predicated on the ground of public policy, and they fully sustain the doctrine announced by this court.

If, as we have held, a municipal corporation is not liable to the process of garnishment, upon what ground can a creditor's bill be maintained against a municipal corporation? If it is contrary to public policy to permit the one, upon the same ground and for like reasons must not the other be denied? The process of garnishment and a creditor's bill are, in effect, instituted for the same purpose. They are, as a general rule, instituted to reach money in the hands of a third party due and owing from a judgment debtor to a judgment creditor. A reference to the statute under which the two proceedings are instituted will show their similarity.

Section 1 of the Garnishment act (Hurd's Stat. 1895, p. 829,) provides: "That whenever a judgment shall be rendered by any court of record or any justice of the peace in this State, and an execution against the defendant in such judgment shall be returned by the proper officer 'no property found,' on the affidavit of the plaintiff or other credible person being filed with the clerk of such court or justice of the peace that said defendant has no property, within the knowledge of such affiant, in his possession liable to execution, and that such affiant hath just reason to believe that any other person is indebted to such defendant or hath any effects or estate of such defendant in his possession, custody or charge, it shall be lawful for such clerk or justice of the peace to issue a summons against the person supposed to be indebted to or supposed to have any of the effects or estate of the said defendant, commanding him to appear before said court or justice, as a garnishee, and said court or justice of the peace shall examine and proceed against such garnishee or garnishees in the same manner as is required by law against garnishees in original attachments."

Section 49 of the Chancery act (Hurd's Stat. 1895, p. 223,) provides: "Whenever an execution shall have been issued against the property of a defendant on a judgment at law or equity, and shall have been returned unsatisfied, in whole or in part, the party suing out such execution may file a bill in chancery against such defendant, and any other person, to compel the discovery of any property or thing in action belonging to the defendant, and of any property, money or thing in action due to him or held in trust for him, and to prevent the transfer of any such property, money or thing in action, or the payment or delivery thereof, to the defendant, except when such trust has in good faith been created by, or the fund so held in trust has proceeded from, some person other than the defendant himself. The court shall have power to compel such discovery and to prevent such transfer, payment or delivery, and to decree satisfaction of the sum remaining due on such judgments out of any personal property, money or things in action belonging to the defendant or held in trust for him, with the exception above stated, which shall be discovered by the proceedings in chancery, whether the same were originally liable to be taken in execution at law or not."

Under the section of the statute providing for garnishment, where an execution has been issued and returned no property found a summons may be issued against the person supposed to be indebted, commanding him to answer as garnishee; under the other statute, where an execution has been issued and returned no property found a creditor's bill may be filed. The object attempted to be reached in each case is practically the same. In one case a judgment may be rendered as in an action at law, while in the other a money decree may be rendered. An execution may issue in either case. The two proceedings are so similar and the result to be accomplished under both so nearly the same, that if it is contrary to public policy, as we have held it is, to allow garnishment against a municipal cor-

poration, for the same reason a creditor's bill cannot be sustained. Should the courts hold that a creditor's bill would lie against a municipal corporation to reach money due its employees or contractors, a wide door would be open to all the evils mentioned in *Merwin* v. *City of Chicago,* and we are not prepared to establish a rule which might lead to such results.

But it is said that in a garnishment proceeding the answer of the city may be controverted and the city thus be required to sustain the answer by evidence, while in a creditor's bill, where the city in its answer denies that it is in any manner indebted, that will end the litigation as to the city, and hence a different rule should be adopted when a creditor's bill is filed. In *Bouton* v. *Smith,* 113 Ill. 486, it was held that when a bill is for discovery only, and it fails as such, it should be dismissed and could not be retained for any other purpose, but when the bill seeks not only discovery but other relief, the court has jurisdiction to retain the bill for all purposes. Indeed, section 25 of the Chancery act declares that the disclosure shall not be regarded conclusive. That section provides: "When the complainant shall require a discovery respecting the matters charged in the bill the disclosure shall not be deemed conclusive, but, if a replication be filed, may be disproved or contradicted like any other testimony, according to the practice of courts of equity." It is therefore apparent, from the ruling in the case last cited and from the language of section 25 of the statute, that in many, if not all, creditors' bills which might be brought against a municipal corporation there would be as much controversy as would arise in a garnishment proceeding, and hence the rule that should control in the one case should also govern in the other.

We are satisfied that the judgment of the Appellate Court is correct, and it will be affirmed.

*Judgment affirmed.*