SHANNON *v.* BRUNER.

(*Circuit Court, E. D. Missouri, E. D.* September 18, 1888.)

ASSIGNMENT—OF UNEARNED FEES—BY MASTER IN CHANCERY.
　　An assignment of his fees, made by a master before they are earned. is void as against the successful party to the suit, who had advanced the amount to the master.

On Motion of J. B. Johnson.
*U. M. Young* and *Albert Blair,* for complainant.
*Martin, Laughlin & Kern,* for motion.

*Hough, Overall & Judson* and *Geo. H. Knight,* for defendant.

BREWER, J., (*orally.*) In the case of *Shannon* v. *Bruner* these facts appear: The master was allowed $400 for his services, and the costs were taxed against the complainant. Thereafter one J. B. Johnson filed a motion, asking that the complainant be required to pay those costs into court, and that the $400 allowed to the master be turned over to him; he claiming that he had an assignment thereof from the master. That assignment is attached to his motion, and appears to have been made before the fees were earned. The defendant in the case resists this motion, claiming that the fees belong to him, as he himself had already advanced them to the master. Now the petitioner insists that, as the master is not resisting his motion, it is purely a question between him and the defendant, and therefore the equities are to be considered, and not the validity of the assignment under which he (the petitioner) claims. We think not. This petitioner has no standing in this court, except by virtue of that assignment. If that assignment gives him no right to the fees, then his motion ought not to be sustained. Like any other plaintiff, he stands upon the strength of his own title, and it is nothing to him whether the adversary has title or not. Now, can an officer make an assignment in advance of his fees or his salary? The law is very clear that he cannot. Public policy has affirmed the necessity of securing to every public officer, when earned, his fees or his salary, unhindered by any present legal attack or any previous voluntary assignment. There are many cases, both in England and in this country, affirming the necessity of upholding such public policy. It is familiar law that you cannot garnish an officer's salary; and the same public policy which forbids that, prevents him, before he has earned his salary or done the work which entitles him to the fees, from making a voluntary transfer of them. The case of *Bliss* v. *Lawrence*, 58 N. Y. 442, contains a quite lengthy discussion upon this question, and a citation of many authorities. There is, a single dissenting opinion in this country,— in Wisconsin,—and one or two cases from Massachusetts, which, perhaps, tend in the other direction. But the general voice of the authorities, both across the water and here, is that no voluntary assignment can be sustained, by a public officer, of fees or salary yet to be earned. That being the case, we hold that this assignment is void. The transfer being void, the petitioner has no standing in this court, and the motion will be denied.