WATERBURY, APPELLANT, *v.* BOARD OF COMMIS-
SIONERS OF DEER LODGE COUNTY, RESPOND-
ENT.

ATTACHMENT — *Counties* — *Liability as garnishee.* — A county is subject to garnish-
ment for a debt due by it to one of its officers, under the provisions of section
189 of the Code of Civil Procedure, making "all persons" liable as garnishees,
and sections 202 and 744, fifth division of the Compiled Statutes, providing that
the word "person" may extend to and be applied to bodies politic and corporate,
and that each county of the State shall be a body politic and corporate.

GARNISHMENT OF COUNTY — *Public policy.* — Where the liability of a county to
garnishment is within the letter of the law, such a construction of the statutes
applicable thereto as would exempt it from liability is not required by public
policy.

*Appeal from Third Judicial District, Deer Lodge County.*

The action was tried before MARSHALL, J. Defendant had
judgment below.

Statement of facts, prepared by the judge delivering the
opinion.

The plaintiff herein brought an action in the Justice's Court
against Thomas Harnon. The defendant in that action was at
that time a deputy-sheriff of Deer Lodge County, working in
that capacity upon a fixed salary. The action before the justice
of the peace was upon a money demand, and the plaintiff therein
obtained, in the ordinary manner, a writ of attachment against
the property of the defendant Harnon. In pursuance to this
writ of attachment the constable levied upon and attached in
the possession of, and under control of, the defendant herein,
the sum of $347.80, belonging to said Harnon, and due and
owing him from the defendant herein, by delivering true copies
of the writ, and leaving the same with the chairman and clerk
of the board of county commissioners and the treasurer of the
county, together with notices that all debts owing by the county
to said Harnon, and all credits and other personal property in
the possession of said county belonging to said Harnon, were
attached in pursuance to said writ.

Afterwards plaintiff recovered judgment against Harnon in
the Justice's Court for $210.40. Execution was issued, which
was served upon the county, with similar notice of garnishment

as in the service of the writ of attachment. That at the time of the service of said respective writs the said county had in its possession and was owing said Harnon $347.80, and answered the writ by its chairman and clerk to that effect. The judgment against Harnon has not been satisfied, and the county defendant herein has not paid any part of said money to plaintiff in that action. The said sum of money was due from the county to said Harnon for services as deputy-sheriff and expenses about said office. At the time of the levy the county had allowed said sum to Harnon. The case was tried upon an agreed statement of facts, of which the foregoing is a summary, and the decision of the District Court was asked upon the point whether the defendant herein, under those facts and the law, can be charged as garnishee as to the sum of $347.80, or any part thereof. The District Court gave judgment for the county, and plaintiff Waterbury appeals from that judgment.

The portions of the laws subject to construction are as follows : —

Code of Civil Procedure, section 189 : " All persons having in their possession or under their control any credits or other personal property belonging to the defendant, or owing any debts to the defendant, at the time of service upon them of a copy of the writ and notice, as provided in the last section, shall . . . . be liable to the plaintiff for the amount of such credits," etc.

A statutory construction of the word "person" is found in section 202 of the General Laws, which says : "The word 'person' may extend and be applied to bodies politic and corporate."

Section 744 of the General Laws provides "that each organized county of the State shall be a body politic and corporate, and, as such, shall be empowered for the following purposes: To sue and be sued; to make all contracts and do all other acts in relation to the property and concerns [of the county] necessary to the exercise of its corporative or administrative powers; to exercise other and further powers as may be specially conferred by law," etc.

The question now before this court is simply whether the county defendant is liable as garnishee under the facts agreed upon and the law as cited.

*G. B. Winston,* for Appellant.

Respondent by answering to its indebtedness waived every exemption, if it had any, and is subject to garnishment. (*Clapp* v. *Walker,* 25 Iowa, 315.) The word "person," as used in the fifth subdivision of section 186, first division of the Compiled Statutes, is construed to include and may extend and be applied to bodies politic and corporate. (Subdiv. 5, § 202, fifth div. Comp. Stats.) Counties in this State are declared to be bodies politic and corporate, and as such can sue and be sued (§ 744, fifth div. Comp. Stats.), and therefore are subject to this process. It has been repeatedly held, under statutes similar to ours, that cities and counties are subject to garnishment. (*Wales* v. *Muscatine,* 4 Iowa, 302; *Adams* v. *Tyler,* 121 Mass. 380; *Bray* v. *Wallingford,* 20 Conn. 416; *Rodman* v. *Musselman,* 12 Bush, 354; 23 Am. Rep. 724; *Whidden* v. *Drake,* 5 N. H. 13; *Wilson* v. *Lewis,* 10 R. I. 285; *City of Newark* v. *Funk,* 15 Ohio St. 462; *Speed* v. *Brown,* 10 Mon. B. 109.) The cases cited *contra* do not apply, for when we refer to our own statutes it becomes clearly apparent that counties are not exempt from process of this kind.

*Henri J. Haskell,* Attorney-General, and *W. S. Shaw,* County Attorney, for Respondent.

Can the defendant in this action be charged as garnishee under the laws of this State? It is contended by appellant that the word "person," used in section 189 of the Code of Civil Procedure, shall be held to include the several counties of the State. In passing upon this question whether the word "person," as here used, included municipal corporations, Chilton, C. J., speaking for the court in *Mayor etc.* v. *Rowland,* 26 Ala. 498, says: "When by the context it is clear that no such meaning was intended, and when by thus construing the word 'person' it would render the Code, which must be taken as a whole, incongruous, we must depart from the letter to give effect to the spirit and manifest intention of the legislature. The provisions of the Code are, the garnishee must be summoned to appear and answer on oath; he must file his answer in three days; and he may be examined orally in the presence of the court. This clearly

shows that the statute of garnishment cannot be applied to corporations, which from their impersonal, artificial character, cannot be sworn." To the same effect, *Mayor etc.* v. *Root,* 8 Md. 102; 63 Am. Dec. 692; *Ruffham* v. *City of Racine,* 26 Wis. 451; *Bradley* v. *Town of Richmond,* 6 Vt. 122. A county is not a corporation, but a mere political organization of a certain portion of the territory within the State, particularly defined by geographical limits, for the more convenient administration of the laws and police power of the State, and for the convenience of the inhabitants. (*Hunter* v. *Commrs. of Mercer Co.* 10 Ohio St. 520.) They are wholly public in their character, and a portion of the State organization. All their powers are conferred, and duties imposed, by the Constitution and statutes of the State. (*Harris* v. *Board of Supervisors,* 105 Ill. 451; 44 Am. Rep. 808; *Washer* v. *Bullitt County,* 110 U. S. 564; *Commrs. of Talbot County* v. *Queen Ann County,* 50 Md. 245; *Hamilton County* v. *Mighels,* 7 Ohio St. 109; *Laramie Co.* v. *Albany Co.* 92 U. S. 311.) The mode and manner through and by which a private corporation or *quasi* corporation can be garnished is laid down in subdivision 4, section 186 of the Code. The language of the statute furnishes a clear implication that municipal corporations were not within the intention. (*Burnham* v. *City of Fond du Lac,* 15 Wis. 193; 82 Am. Dec. 668; *Hawthorne* v. *City of St. Louis,* 11 Mo. 60; 47 Am. Dec. 151; *Parsons* v. *McGavock,* 2 Tenn. Ch. 583; *City of Memphis* v. *State,* 9 Heisk. 511.) The prevailing rule, as laid down in 2 Wade on Attachments, section 345, is that municipal corporations cannot be garnished, and the following authorities are cited in support of such proposition: *Merwin* v. *Chicago,* 45 Ill. 133; *Pendleton* v. *Perkins,* 49 Mo. 565; *Jenks* v. *Osceola Tp.* 45 Iowa, 554; *Brown* v. *Heath,* 45 N. H. 168; *Grear* v. *Rowley,* 1 Pittsb. 1; *Commissioners* v. *Bond,* 3 Colo. 411; *Conover* v. *Ruckman,* 32 N. J. Eq. 685; *Duboise* v. *Duboise,* 6 Cowen, 494; *Waldman* v. *O'Donnell,* 57 How. Pr. 215; *Walker* v. *Cook,* 129 Mass. 577. See, also, 2 Wade on Attachments, § 2122; *Bulkley* v. *Eckert,* 3 Pa. St. 368; *Mayor of Baltimore* v. *Root,* 8 Md. 99; 63 Am. Dec. 692; *Edgerton* v. *New Orleans,* 1 La. An. 435; *Turnpike Co.* v. *Jenkins,* 2 Mass. 37; *Triebel* v. *Colburn,* 64 Ill. 377; *Buffham* v. *City of Racine,* 26 Wis. 450; *Mayor of Mobile*

v. *Rowland,* 26 Ala. 498; *McLellan* v. *Young,* 54 Ga. 400; 21 Am. Rep. 276; *Boone Co.* v. *Keck,* 31 Ark. 387; *School District* v. *Gage,* 39 Mich. 484; 33 Am. Rep. 421; *McMeckin* v. *State,* 4 Eng. 557; *Fortune* v. *City of St. Louis,* 23 Mo. 240; *City of Newark* v. *Funk,* 15 Ohio St. 462; *Clapp* v. *Walker,* 25 Iowa, 316. A county cannot be held to answer as to its indebtedness to an execution debtor for his salary as an officer of such county, in proceedings supplementary to execution. (*Wallace* v. *Lawyer,* 54 Ind. 505; 23 Am. Rep. 661.) Even if a county were liable to garnishment, the provisio would not reach an undelivered county order in favor of the debtor in the county clerk's hands. (*Merrell* v. *Campbell,* 49 Wis. 536.)

DE WITT, J.—This action arose while this commonwealth was a Territory of the United States, and the laws applicable to the contention are set forth in the introductory statement.

The garnishment of towns, cities, and counties has been the subject of such conflicting views in different States, and being a first impression in this court, we incline to adopt the language of Judge Welch in *City of Newark* v. *Funk,* 15 Ohio St. 463: "In other States authorities are quite conflicting; so much so, that we do not feel bound by any of them, and see nothing to prevent us from deciding the question as an original one, according to our own views of public policy and the meaning and intent of the statute."

This conflict to some extent, but by no means wholly, dissolves, upon an inspection of the statutes upon which the decisions are made. In 2 Wade on Attachments, sections 345 and 419, are marshaled the States holding diverse views, and the author concludes that the majority is against holding municipal corporations as garnishees. But the author doubts the soundness, and questions the reason of the rule. There is eminently respectable opinion upon the other side of the question.

An analysis of the case would be interesting, but we will not enter upon it, by reason of the direct conflict of the decisions, even upon similar statutes; and, furthermore, we are of opinion that the statutes of this State are so much more explicit upon the subject under consideration, that many of the decisions of sister States are inapplicable, and that, in view of our statute,

the weight of authority is not against the liability of a county as a garnishee.

It is not doubted that the statute may exempt a county from the process of garnishment. Our statute does not so exempt a county; and, if they are to be exempted, the authority must be found elsewhere than in the express declaration of the statute. Again, the statute may subject a county to this process. Now what do we find written in the law? It declares that "all persons" having in their possession or under their control any credits or other personal property belonging to the defendant, or owing debts to him, etc., shall be liable to the process. Furthermore, that the word "person" may be applied to "bodies politic and corporate," and that counties are "bodies politic and corporate." Hence counties, as "bodies politic and corporate," are brought within the meaning of the word "persons," and all persons may be garnished. It is therefore no strained conclusion to say that a county is subject to the process.

Speaking of holding a county as garnishee, Judge Biddle (*Wallace* v. *Lawyer*, 54 Ind. 506; 23 Am. Rep. 661) says: "And the decisions are generally made upon statutes authorizing corporations, in terms, to be garnished; yet the courts hold that the general word 'corporation' must be restricted to mean private or ordinary business corporations, and not extended to embrace municipal corporations, or bodies politic and corporate. The words used in the statute of this State are 'persons' or 'corporations,' in general terms." But the statute of Montana, as above noticed, goes further than to use the words "persons" or "corporations" in general terms, as in Indiana, and the remarks of the judge in that case, and the authorities to which he refers, lose their force in this court.

It is a general principle that one who may be sued may be garnished by the creditor of the person who may sue. Counties with us may be sued (§ 744, Gen. Laws), and, therefore, under the general rule, they would be subject to garnishment. They, in this respect, do not come within the reason of exempting a sovereign State from garnishment, which sovereignty may not be sued, or ordinarily subjected to process of the courts. It being clear that the statute does not expressly exempt counties from garnishment, and it being equally clear that the letter of

the statute is such that it can be reasonably applied to a county as a subject of garnishment, is there anything in the spirit of the law or the doctrine of public policy which prohibits such a construction?

We will examine, in the light of the statute, the reasons adduced for exempting counties from this process of the courts. It is objected that there is practical difficulty in summoning an artificial entity, like a county, to be examined on oath respecting its possession of property of the debtor, as provided in section 190 of the Code of Civil Procedure, and that so summoning its officers is a serious interruption to the business of the county and its officers.

We cannot agree with this view. The statute (§ 749, Gen. Laws) expressly provides a method for service of process against a county in all legal proceedings. In another portion of the statute (§ 72) service of a summons upon a county is provided for. Answering a garnishment is by no means as large an affair as appearing in an action as a defendant. The statute providing a method for summoning a county in legal proceedings, we can see no practical difficulty in its appearing. There was certainly none in this case, and no derangement of the county's business occurred. Again, it is said that the writ does not lie against a county by reason of its being contrary to public policy; that disasters to the public would ensue if the writ were allowed, and public servants would be impaired in their usefulness. In *Wallace* v. *Lawyer, supra,* it was held that a county cannot be held to answer as to its indebtedness to an execution debtor for his salary as an officer of such county in proceedings supplemental to execution. This case cites with approval *Merwin* v. *City of Chicago,* 45 Ill. 133; 92 Am. Dec. 204, which was a case of garnishment of a municipal corporation, in which the court, by Lawrence, J., says: "The only question presented by this record is, whether municipal corporations in this State are liable to the process of garnishment. This court held, in *City of Chicago* v. *Hasley,* 25 Ill. 595, that the property of such a corporation could not be levied on and sold under execution. This decision was placed upon the grounds of public policy. However strong the obligation of a town or city to pay its debts, it was considered that to

allow payment to be enforced by execution would so far impair the usefulness and power of the corporation in the discharge of its government functions, that the public good required the denial of such a right. . . . . Although this decision is not conclusive upon the question before us as *res adjudicata,* yet the entire spirit and reasoning upon which it is based must lead us to hold that a municipal corporation is not liable to process of garnishment. The question has been often before the American courts, and although the decisions are not uniform, in a large majority of the cases it has been held that the writ would not lie. The reason given for these decisions is uniformly the same, and is substantially that given by this court in the case in 25th Ill. It must be decided as a question of public policy. These municipal corporations are in the exercise of governmental powers to a very large extent. They control pecuniary interests of great magnitude, and vast numbers of human beings, who are more dependent on the municipal, for the security of life and property, than they are on either the State or federal government. To permit the great public duties of this corporation to be imperfectly performed, in order that individuals may the better collect their private debts, would be to pervert the great objects of its creation."

Thus it is observed that the 45 Ill. 133, on the subject of garnishment of a municipal corporation, adopts the reasoning of 25 Ill. 485, in the matter of an execution against the corporation, on a judgment obtained directly against the corporation. The grounds for denying an *execution* against a municipal corporation are most satisfactorily put in 25 Ill., *City of Chicago* v. *Hasley.* The court well points out the disasters which might follow the levy of *execution* against the city of Chicago; how the seizure of the water-works would participate a water famine, the levy upon fire-engines would expose to the horrors of conflagration, and the seizure of revenues would paralyze government. To these views we have no dissent. But we cannot follow the Illinois court in 45 Ill., when it applies these arguments to the matter of *garnishment* of the municipal corporation. By garnishment the water-works, fire-engines, public buildings, and revenues of the corporation are not seized. The corporation is simply required to hold, and finally pay over, a sum of money

or property, in which it has no interest, to one person rather than another. Its business is not interrupted; its property is not touched; its functions are not deranged.

Returning to the case at bar, we cannot agree that there is any reason why the great public duties of a county need be imperfectly performed, or that its business is in any danger of derangement, if it be compelled, by process of a court, to pay the salary of a servant to that servant's creditors. The county has no suit to defend, no counsel to employ, no witnesses to collect and pay. It has no burden cast upon it, and no duty to perform, except to act as temporary stakeholder, to await the determination of a court, in an action in which the county has no interest.

The argument of public policy as to inconvenience to the county and its officers does not reach our mind with sufficient force to impair another view of law and of right that is recognized throughout the civilized world; that is, that debtors should pay their debts. This, of course, with the modification that the means of livelihood should be left to the debtor, which view is embodied in the laws of exemption from execution, which in this State are very liberal. The debtor's earnings for thirty days prior to the levy of a writ are exempt from seizure. The servant of the county is thus secured in his support, if he earns it, and the county is not liable to lose the services of competent officers. Indeed, it has never been observed that a county has difficulty in obtaining employees to do its work, and the county may surely obtain as good service from those who pay their debts as from those who avoid such payment, and are protected in the avoidance by the unsatisfying doctrine of public policy.

We conclude that there is no substantial argument from public policy which requires us to read the law as to garnishment of counties differently from what its letter seems to us to declare. Counties are not exempted from garnishment by statute. On the contrary, their liability to the process is within the letter of the law. We find nothing in the spirit or the doctrine of public policy which induces us to add to or take from the letter. The judgment of the District Court is reversed, and the cause is remanded, with directions to that court to

enter judgment in favor of the plaintiff for $210.40, and interest at the rate of ten per cent per annum from the twelfth day of March, 1888, and for the costs of this appeal.

BLAKE, C. J., and HARWOOD, J., concur.