WHALEN ET AL., APPELLANTS, *v.* HARRISON, RE-SPONDENT.

[Argued June 23, 1891. Decided July 20, 1891.]

ATTACHMENT.— *Garnishment of public corporation.*— A public municipal corporation, as a school district, is not exempt from the process of garnishment. (*Waterbury* v. *Commissioners*, 10 Mont. 515; 24 Am. St. Rep. 67, affirmed.)

*Appeal from First Judicial District, Lewis and Clarke County.*

Defendant's motion to discharge the attachment was sustained by BUCK, J.   Order reversed.

Statement of facts, prepared by the judge delivering the opinion.

The plaintiffs in the District Court commenced their action against the defendant upon a money demand.   They sued out a writ of attachment, as allowed by law.   In pursuance to said writ the sheriff garnished, in the manner provided by the statute, the board of school trustees of school district No. 1.   The garnishee answered to the writ in the following language: "We are unable to give any definite answer as to the amount due William Harrison on his contract.   The work and material of his contract is unfinished.   His contract calls for $22,248, and he has been paid $15,603.41.   The balance is subject to the fulfillment of this contract according to plans and specifications.   Thereupon the defendant moved to discharge the garnishment.   He files his affidavit upon the motion, in which he says that, when the garnishment was served upon the school district, the district was owing him, and is still so owing, several hundred dollars for material furnished for a school building which is in process of construction, and was and is due by virtue of a certain contract between the affiant and said district; that, by reason of the garnishment, the district refuses to pay affiant what is due him, and to estimate and compute the amount due upon his contract.   The defendant moved for the discharge of the writ on the ground that the debt attached and garnished is a debt owing to defendant from a public municipal corporation, which debt is exempt from the process of garnishment.   The motion was granted; the writ was discharged, and plaintiffs appeal from that order.

*Adkinson & Miller,* for Appellants

Section 188, page 106, of the Compiled Statutes is as follows: "Upon receiving information in writing from the plaintiff or his attorney, that any person . . . . is owing any debt to the defendant, the sheriff shall serve upon such person a

copy of the writ," etc. The eighth subdivision of section 202 of the Compiled Statutes of Montana, page 486, defines what is meant by the term person as follows: "The word 'person' may extend and be applied to bodies politic and corporate." There being no exception in the statute, but all corporations, politic and corporate, being declared to be in contemplation of law persons, and being made subject to the writ of garnishment, it would seem to be entirely clear that the garnishee who was summoned in this case should be required to answer unless such a construction of the statute is forbidden by considerations of public policy. (*City of Newark* v. *Funk*, 15 Ohio St. 462; *Rodman* v. *Musselman*, 12 Bush, 354; 23 Am. Rep. 724; *Mayor* v. *Horton*, 38 N. J. L. 88; *Wales* v. *Muscatine*, 4 Iowa, 302; *Seymour* v. *School District*, 53 Conn. 502; *Pendleton* v. *Perkins*, 49 Mo. 565; *Bray* v. *Wallingford*, 20 Conn. 416; *City of Denver* v. *Brown*, 11 Colo. 337.)

*Leslie & Craven*, for Respondent.

That a municipal corporation is subject to the process of garnishment has been recently decided by this court. (*Waterbury* v. *Commrs. of Deer Lodge County*, 10 Mont. 515; 24 Am. St. Rep. 67.) But all the courts of every State, so far as we have been able to find, have been and are uniform in their decisions, that the indebtedness sought to be attached and appropriated must be a *debt, fixed, settled upon*, and a liability set over and standing to the credit of the alleged defaulting debtor. (*Hadley* v. *Peabody*, 13 Gray, 200; *Brackett* v. *Blake*, 7 Met. 335; 41 Am. Dec. 442; *Osborne* v. *Jordan*, 3 Gray, 277.)

In *Newark* v. *Funk*, 15 Ohio St. 464, the court used this language: "It must be a subsisting claim due, or to become due, and for the ultimate payment of which the obligation to pay is *fixed*, without reference to future services or considerations." And it will be seen that the same and similar language was used in the Massachusetts decision above referred to, and in many others. Indeed, an inspection of the cases in which such indebtedness has been held subject to attachment will show that in every instance the claim garnisheed was an existing debt, fixed in amount and standing unconditionally to the credit of

the alleged creditor of the corporation or municipality, and in many if not all of such decisions the courts were careful to say, as was said in the foregoing Ohio case, that there must be a debt owing, the amount fixed, and on which a cause of action then exists or will accrue within a given time. In this case there was no indebtedness to Harrison. There could be no debt fixed in amount and owing to him until he finished the building pursuant to his contract, and it was accepted by the trustees.

It was manifestly the intention of the legislature in passing that law to allow only the actual indebtedness existing at the time of the service of the garnishee to be attached, and not any of the unsettled, uncertain pecuniary relationships between persons, and this statutory restriction is in harmony with the teachings of all the courts on that subject, especially regarding the garnishment of municipal corporations. (*City of Laredo* v. *Nalle*, 65 Tex. 361; *McDougal* v. *Board of Supervisors*, 4 Minn. 188; Drake on Attachments, ch. 22; *Wallace* v. *Lawyer*, 54 Ind. 501, 502; 23 Am. Rep. 661.)

DE WITT, J.—The motion to discharge the garnishment was made in the District Court solely upon the ground that the garnishee, as a public corporation, was exempt from garnishment. No other ground was set forth in the written motion which is preserved in this record. That the motion on that ground should have been denied is settled. (*Waterbury* v. *Commrs. of Deer Lodge County*, 10 Mont. 515; 24 Am. St. Rep. 67.) Since the decision of the *Waterbury Case*, respondent filed his brief, in which he urges in this court that which he did not present below, viz., that it did not appear that any fixed debt was due from the garnishee to the defendant. Whether there was or not is not apparent from this record, and is a matter to be ascertained in the lower court in the manner provided by the law as to garnishment. (Code Civ. Proc. § 190.)

The order discharging the garnishment is reversed, and the case is remanded, with directions to the District Court to proceed in accordance with the views herein expressed.

*Reversed.*

BLAKE, C. J., and HARWOOD, J., concur.