## COOPER *v.* SCHOOLEY.

*Attachment and garnishment—Public officer's earned salary subject to proceedings for unpaid judgment.*

Where money of member of city council was earned, attachment or garnishment of such public officer's salary in aid of execution on judgment against officer was proper and was not contrary to public policy.

(Decided May 16, 1927.)

ERROR: Court of Appeals for Cuyahoga county.

*Messrs. Frey, Oliver & Maerlender,* for plaintiff in error.
*Mr. E. C. Osterland,* for defendant in error.

VICKERY, J. This action comes into this court on a petition in error to the municipal court of the city of Cleveland. In that court a judgment was rendered in favor of the defendant, Schooley, and error is prosecuted to this court to reverse said judgment.

From the record we learn that Schooley was a member of the city council of Cleveland, and that many years ago a judgment was rendered against him, which judgment had been kept alive by issuance of executions, so that it was a valid, *bona fide,* existing judgment.

It seems that plaintiff in the execution of the judgment was unable to make a collection from Schooley, and so filed his affidavit or statement of claim in proceedings in aid of execution, and made the city of Cleveland a party, claiming that the city of Cleveland owed Schooley some money. The city

of Cleveland answered that they owed him $75. In the trial of the action, notwithstanding this answer of the city, and notwithstanding the fact that there was no claim for exemptions, as being the head of a family, the judge of the municipal court decided the case in favor of Schooley, on the ground that it is contrary to public policy to permit an attachment or garnishment of a public officer's salary. And this is the sole ground that has come to us from the record why the court found as it did.

There is one case in Ohio, and only one, decided by our Supreme Court, the case of *City of Newark* v. *Funk & Bro.*, 15 Ohio St., 462, which in my judgment conclusively settles the question. In that case the city marshal owed, under circumstances similar to those in the case at bar. Proceedings in aid of execution were had to tie up the money. The city of Newark was made a party, and answered that it had money belonging to the marshal, and it was held by the lower court that this money was not subject to garnishment. The case was carried on error to the district court, and thence to the Supreme Court, and the Supreme Court held that it was true that the *unearned* salary absolutely could not be assigned, being contrary to public policy, and the court cited a number of cases. However, Judge Welch, speaking for the court, said that there was a hopeless conflict in the authorities throughout the United States on the question, and that it had not been decided in Ohio, and that the Supreme Court of Ohio was free to use its own judgment and to decide what would be the public policy under such circumstances. After reviewing all the cases, the court came to the conclusion that, where money was earned, it was not against public

policy to garnishee an officer's salary. It would hardly seem possible that such ruling would be necessary from a court. One would think that it was in accordance with public policy to see that public officers did pay their debts, but, however that may be, the court in that case, under the same statutes that are on the statute books today, decided that to attach the earned salary of a public officer was not contrary to public policy, and sustained the attachment.

Now, remember that that was perhaps back in 1864, that the same statute has been on the books ever since, and that this authority has never been questioned in Ohio and is undoubtedly the law today, and by reason it ought to be the law. It is not at all amenable to the reasons that are given by the courts why the assignment of a salary before earned is contrary to public policy. That rule is laid down for the reason that if a man parts with the usufruct or perquisites of the office, he would not be inclined to give good service for the public; that he would be working for a dead horse, and consequently not very enthusiastic. That is the reason given in all cases why the assignment of a salary before it is earned is not sustainable in law.

Many cases have been cited in the instant case to show that the assignment of such a chose in action is not valid, but none in this state, at least, which affects the rule laid down in *Newark* v. *Funk, supra.*

In *Serrill* v. *Wilder,* 77 Ohio St., 343, 83 N. E., 486, 14 L. R. A. (N. S.), 982, a master in chancery had assigned his unearned fees and the matter got into court, and that was the question before the Supreme Court. The judge in writing the opinion

quoted authorities from other states, and among the authorities quoted Justice Brewer of the United States Supreme Court in *Shannon* v. *Bruner* (C. C.), 36 F., 147.  From an examination of the case before Judge Brewer, which was a master in chancery case, the question of the assignment of his fees before earned was under consideration by the court. In it Judge Brewer made a statement that it had always been the policy of the law not to sustain attachments and garnishments of public officers. Now, at best, that is nothing more than a *dictum* in a case which Judge Brewer was deciding, and this case is nothing but *dicta* in a *dictum.*  Consequently, I cannot see how it has any force and effect.  In any event, the Supreme Court has positively held to the contrary, and I think the judgment should be reversed and remanded to the municipal court to make the proper judgment.

*Judgment reversed and cause remanded.*

SULLIVAN, P. J., concurs.
LEVINE, J., not participating.