J. M. Blanco, Petitioner and Appellant, v. Municipal Court of San Juan (Second Section), Respondent and Appellee.

No. 5151.  Argued May 20, 1930.—Decided November 14, 1930.

*Gabriel de la Haba, Jr.,* and *J. M. Calderón, Jr.,* for appellant.  *F. Prieto Azúar* for intervener.

Mr. Justice Wolf delivered the opinion of the Court.

This was an attempt by a creditor to attach a part of the salary of an employee of the government. The municipal court refused to allow the attachment. On certiorari to the higher court, the latter likewise refused to allow it. In his opinion the judge pointed out, citing among others *Lamboglia* v. *School Board of Guayama,* 15 P.R.R. 299, and the cases

that followed it, that the policy of the law had been to exempt the salaries of government officials and employees, not to favor the debtors, but to insure efficient and continuous service to the government itself. The opinion may be referred to for its reasoning and citation of authorities. The writ of certiorari was annulled.

On appeal from this decision the argument is that the whole matter is governed by a local statute or statutes. It transpires that on March 10, 1904, the Code of Civil Procedure was passed which contains the following provision in section 249:

"In addition to the homestead exempted by the homestead law, the following property belonging to an actual resident of this Island is exempted from execution, except as herein otherwise specially provided:

. . . . . . . . .

"7. The earnings of the judgment debtor for personal services rendered at any time within thirty days next preceding the levy of execution, or levy of attachment, when it appears by the debtor's affidavit, or otherwise, that such earnings are necessary for the use of his family residing in this Island, supported wholly or in part by his labor: *Provided,* This act shall not authorize the garnishment of the fees or salary of any public officer or employee."

This provision was amended by Act No. 32 of June 3, 1919, to read as follows:

"Three-fourths of the earnings of the judgment debtor for personal services rendered at any time within thirty days next preceding the levy of execution, or levy of attachment, when it appears by the debtor's affidavit, or otherwise that such earnings are necessary for the use of his family residing in this Island supported wholly or in part by his labor."

Section 249 of the Code of Civil Procedure sets forth the exemptions to which a debtor is entitled. The Legislature originally made mention of an exemption applying to government employees. Subsequently the specific mention was suppressed. From this no intention to make such salaries liable

to attachment could be inferred unless they were generally attachable by some specific provision of law. No such positive authority is contained in an exemption statute.

Section 246 of the Code of Civil Procedure makes all property of a debtor subject to execution. Presumably this statute, the last expression of the Legislature, was adopted with the interpretation put upon it by the courts of the United States. The appellant found an exception in Montana, *Waterbury* v. *Deer Lodge County*, 10 Mont. 515; but the prevailing view is to the contrary, as shown in the authorities cited by the court below and the appellee, relying in part on our own jurisprudence, *supra*.

The judgment appealed from should be affirmed.