## URICICH v KOLESAR

Ohio Appeals, 8th Dist, Cuyahoga Co

No 15376. Decided June 8, 1936

Woodle & Wachtel, Cleveland, for plaintiff in error.

Frank T. Cullitan, Prosecutor, Cleveland, and Margaret Lawrence, Asst. Prosecutor, Cleveland, for defendant in error.

### OPINION

By LEVINE, J.

The plaintiff obtained a judgment against the defendant and thereafter instituted proceedings in aid of execution wherein the county of Cuyahoga and John J. Boyle, County Treasurer, were named as garnishees. A motion to quash service was filed by the garnishees. The court sustained the motion on the ground that the judgment debtor was a county employee. In effect the court held that the county or county officers acting in its behalf cannot be made

garnishees. Error proceedings were instituted in this court seeking a reversal of the ruling of the Common Pleas Court

We are asked to interpret §11760 GC which in part reads as follows:

"When a judgment creditor has no personal or real property subject to levy or execution sufficient to satisfy the judgment * * * any interest he has * * * in a money contract, claim or chose in action due or to become due to him or in a judgment or order, all money, goods or effects which he has in the possession of any person or body politic or corporate, shall be subject to the payment of the judgment by action."

We are specifically required to interpret the meaning of the phrase "body politic." Counsel for defendant refers the court to two cases as follows:

Southern Ohio Finance Co. v Wahl, 34 Oh Ap 518.

Bazzoli v Larson, 40 Oh Ap 321, (11 Abs 369).

The Southern Ohio Finance Company v Wahl, supra, apparently holds in syllabus 2:

"A county is not subject to attachment in proceedings in aid of execution for a debt due to judgment debtor under §11760 GC."

Bazzoli v Larson to the same effect.

An examination of The Southern Ohio Finance Company v Wahl, supra, indicates that the real decision turns upon the proposition that the county auditor was not the proper party garnishee in proceedings in aid of execution to attach a salary due from the county to the judgment debtor and the further proposition that under the facts of the particular case there has been a failure to comply with procedural requirements of the statute relating to proceedings in aid of execution. The language contained with reference to the attachability of the county must be regarded as pure dictum. The case of Bazzoli v Larson dealt with the provisions of the code governing proceedings in aid of execution in Justice Courts. The language of the statute contained in the Justice Code providing for proceedings in aid of execution in that court is entirely different from the language of the civil code procedure in the Common Pleas Court. §10265 GC (which is the justice court code) reads:

"When the plaintiff, his agent or attorney, makes oath in writing that he has good reason to believe and does believe that any

person, partnership or corporation in the affidavit named has property of the defendant in his possession * * *."

Compare the language of this section to that of §11760 GC, which is the section under discussion and pertaining to the present case. In the Justice Court code we have the language "Any person, partnership. or corporation." In §11760 GC, we have the language "Any person, a body politic or corporate."

It is well settled that in the absence of an enabling statute a county cannot be sued. We must,' of course, look to the language of the code and thereby determine whether under the provisions the county may be made a party. On May 16, 1927, the Cuyahoga County Court of Appeals decided the case of Cooper v Schooley, 26 **Oh Ap** 313, (5 Abs 560). This court held:

"Where money of member of city council was earned, attachment or garnishment of such public officer's salary in aid of execution on judgment against officer was proper and was not contrary to public policy."

This court relied on the case of **City of** Newark v Funk et, 15 **Oh St** 462. In this last named case the Supreme Court held as follows:

"Salaries of officers of incorporated cities due and unpaid may be subjected by judgment creditors of such officers to the payment of their judgment under the provisions of §453 of the Code of Civil Procedure (which is the same as §11760 **GC**)."

In the opinion we find the following significant language:

"The ground insisted upon by counsel for the plaintiffs in error is that it is against public policy to permit the garnishment of the salaries or pay of public officers under this provision. They say that while private corporations as well as natural persons are not; or at least if they are, that it is only in cases of ordinary debts due from them, and that it is against public policy to permit the salaries and pay of their officers and public agents to be so garnisheed.

Under statutes similar to ours in other states. authorities are quite conflicting; so much so that we do not feel bound by any of them and see nothing to prevent us from deciding the question as an original one according to our own views of public policy

and of the meaning and intent of the statute.

The words of the statute seem plain. They are that 'any claim or chose in action' and that 'all money' in the hands of 'any person, body politic or corporate' may be subjected * * .

We see nothing in the requirements of public good and surely there is nothing in the justice of the case, requiring us to depart from the plain reading of the statute. And if the legislature had intended otherwise, they surely would have made the exception claimed by express provision or by the use of language less broad and comprehensive."

The holding in the case of City of Newark v Funk was followed in other states. In Waterbury v Board of Commissioners of Deer Lodge County, 10 Mont. 515, 26 Pac. 1002. we find the following language:

"Syl 1. Under code civil procedure, Montana, §189 providing that all persons having possession or control of credits or property of defendant, or owing him, shall be liable as gardinshees, etc., and general laws Montana §202, providing that the word 'person' may extend to bodies politic and corporate, a county may be garnisheed for debts owed by it to one of its officers."

"Syl. 2. Such construction of the statutes is not contrary to public policy as tending to impede the exercise of its functions and to impair the usefulness of its service."

"Court: The garnishment of towns, cities and counties has been the subject of such conflicting views in different states and being a first impression in this court we incline to adopt the language of Judge Welsh in **City of Newark v Funk, 15 Oh St 463.**"

A distinction is sought to be drawn between the county and municipal corporations named as garnishees. The decision of Waterbury v County Commissioners of Deer Lodge County, supra, relates to the liability of the county as garnishee and in sustaining the right to make the county garnishee, the court relied on the Ohio decision City of Newark v Funk, supra, which dealt with the question of the liability of a municipal corporation as garnishee.

In the last analysis we are called upon to look for the definition of the phrase "body politic."

In United States v Maurice, 26 **Fed.** 216, Chief Justice Marshall said:

"The United States is a government and consequently a body politic and corporate."

"A 'body politic' is a social compact by which the whole people covenants with each citizen, and each citizen with the whole people, that all shall be governed by certain laws for the common good." City of Durham v Eno Cotto Mills, 54 SE 453, 463, 141 N. C. 615, 7 L.R.A. (N.S.) 321.

Giving the language of §11760 GC its plain and unambiguous meaning, under the accepted definitions, it seems clear to us that by its language the code expressly made the county liable as garnishee the same as any other person.

We are aided by another specific provision of the Code, §11829 GC reads as follows:

"Effect of service of process upon public officer.

The service of process of garnishment upon the sheriff, coroner, clerk, constable, master commissioner, marshal of a municipal corporation, or other officer having in its possession any money, claim, or other property of the defendant, or in which the defendant has an interest, shall bind it from the time of service, and be a legal excuse to such officers, to the extent of the demand of the plaintiff, for not paying such money or delivering such claim or property to the defendant, as by law, or the terms of the process in his hands, he would otherwise be bound to do."

Note the language:

"Service of process of garnishment upon the Sheriff, coroner, clerk, constable, master commissioner, marshall of a municipal corporation or any other officer having in his possession money * * *."

What is meant by the phrase "or other officer?" In order to determine its meaning we must look to the officers specifically named. There are county officers and municipal officers named. They are classed together and by express language made liable as garnishees. If it be contended that this last named section refers only to garnishment, and not to aid proceedings, we would answer by stating that even if it were so it indicates, at least, the policy of the state not to except county officers from garnishment process. It greatly aids us in interpreting §11760 GC in determining what is meant by "body politic."

Adhering to our decision in Cooper v Schooley, supra, and other authorities mentioned in this opinion, we conclude that §11760 GC clearly intended that counties and county officers shall be held liable as garnishees.

We are of the opinion that the Common Pleas Court committed error in sustaining the motion to quash.

The judgment of the Common Pleas Court is ordered reversed and the same is remanded to the Common Pleas Court with instructions to overrule the motion to quash.

TERRELL, J, concurs in judgment.
LIEGHLEY, PJ, dissents for the reason that there is no enabling statute making the county answerable to garnishment process.