Weygandt, C. J.
 

 The single question here presented by counsel is whether the procedure attempted by the plaintiff is authorized by the provisions of Section 11760, General Code, which read as follows:
 

 “When a judgment debtor has not personal or real property subject to levy on execution sufficient to satisfy the judgment, any equitable interest which he has in real estate, as mortgagor, mortgagee, or otherwise, or any interest he has in a banking, turnpike, bridge, or other joint stock company, or in a money contract, claim, or chose in action, due or to become
 
 *117
 
 due to him, or in a judgment or order, or money, goods, or effects ■which he has in the possession of any person, or body politic or corporate, shall be subject to the payment of the judgment, by action.”
 

 Restated and reduced to its lowest terms, the specific question is whether a county is a “body politic.”
 

 On the one hand it is contended that a county cannot be considered a body politic because it is but a political subdivision of the state, and an agency thereof.
 

 The courts in the various jurisdictions are not in complete agreement as to the exact nature of counties. Some authorities hold that they are municipal corporations, and in a few instances their status has been so established by legislative enactment; but this is contrary to the great weight of modern authority. Ordinarily it is said that counties are
 
 quasi
 
 corporations. The reason for this is that they possess certain unmistakable attributes of private corporations. 7 Ruling Case Law, 923; 11 Ohio Jurisprudence, 241. In his opinion in the early case of
 
 Bd. of Commrs. of Hamilton County
 
 v.
 
 Mighels,
 
 7 Ohio St., 109, Judge Brinkerhoff stated that “counties are local subdivisions of a state, created by the sovereign power of the state, of its own sovereign will, without the particular solicitation, consent, or concurrent action of the people who inhabit them.” That this is no longer the case is illustrated by the present language of Section 30 of Article II of the Ohio Constitution, which provides that “all laws creating new counties, changing county lines, or removing county seats, shall, before taking effect, be submitted to the electors of the several counties to be affected thereby, at the next general election after the passage thereof, and be adopted by a majority of all the electors voting at such election, in each of said counties; but any county now or hereafter containing one hundred thousand inhabitants, may be divided, whenever a majority of the voters, residing in each of the proposed divisions,
 
 *118
 
 shall approve of the law passed for that purpose.” Then, too, the recently adopted amendments to Article X of the Ohio Constitution empower any county to frame and adopt or amend a charter form of government for itself. But in the instant case it is unnecessary to pursue this discussion beyond the point of determining whether counties are contemplated by the language “any * * * body politic.”
 

 What is a “body politic”? There is nothing in this statute to indicate that the words are employed in other than their common acceptation. “Politic” is a derivative from a root signifying “citizen.” It would seem therefore, that the phrase connotes simply a group or body of citizens organized for the purpose of exercising governmental functions. Such a group may be large or small, and it may be a group within a group. What basis then is there for excluding counties from the purview of the phrase even if it be conceded that in many respects they are but agencies of the state? Can it logically be said that they are not groups of citizens organized for the purpose of exercising governmental functions? Balentine’s Law Dictionary defines the phrase “body politic” as “a term often applied to a municipal corporation. A county is such a body.” Another definition is that “bodies politic” are “associated bodies, or communities of individuals, with certain rights and privileges belonging to them by law in their aggregative capacity.” 8 Corpus Juris, 1137.
 
 Warner & Ray
 
 v.
 
 Beers,
 
 23 Wend. (N. Y.), 103. In paragraph one of the syllabus in the case of
 
 Waterbury
 
 v.
 
 Board of Commissioners of Deer Lodge County,
 
 10 Mont., 515, 26 P., 1002, it was held that “a county is subject to garnishment for a debt due by it to one of its officers, under the provisions of section 189 of the Code of Civil Procedure, making ‘all persons’ liable as garnishees, and sections 202 and 744, fifth division of the Compiled Statutes, providing that the word ‘person’ may extend to and
 
 *119
 
 be applied to bodies politic and corporate, and that each county of the State shall be a body politic and corporate.”
 

 It is therefore the view of this court that until the Legislature provides a specific enactment to the contrary, the term “any * * * body politic,” as employed in this statute, must be held to include counties.
 

 Counsel have adverted briefly to the subject of public policy. However, this phase of the matter was discussed and settled in this state in the early case of
 
 City of Newark
 
 v.
 
 L. S. Funk & Bro.,
 
 15 Ohio St., 462. The same statute, although differently numbered, was involved, and in the syllabus the court held that “Salaries of officers of incorporated cities, due and unpaid, may be subjected by judgment creditors of such officers to the payment of their judgments, under the provisions of section. 458 of the code-of civil procedure. ’ ’
 

 The judgment of the Court of Appeals must be affirmed.
 

 Judgment affirmed.
 

 Stephenson, Williams, Jones, Matthias, Day and Zimmerman, JJ., concur.