**H & A SELMER, Inc v INDUSTRIAL COMMISSION**

Municipal Court of Cleveland

Decided June 10, 1937

Erlich & Erlich, Cleveland, and Henry L. Hanner, Cleveland, for plaintiff.

Herbert S. Duffy, Attorney General, Columbus, for defendant.

## OPINION

By ARTL, J.

This is an action brought by the plaintiff to recover from the defendant the sum of $87.79 with interest on $80.34 thereof at 6% from September 24, 1935, and costs of this action. The matter was submitted to the court upon an agreed statement of facts and are hereinafter set forth.

The plaintiff, on or about June 15, 1935, had recovered a judgment in the Municipal Court of Cleveland in cause No. 757,737 against one Clarence E. Howenstine in the sum of $80.54 with interest and costs; that on June 25, 1935, an execution was duly issued upon said judgment and returned wholly unsatisfied; that on June 28, 1935, said judgment debtor was duly served with a statutory demand as provided by law; that on July 3, 1935, an affidavit was duly filed naming the Industrial Commission of Ohio, defendant herein, as garnishee and that notice of the order in aid of execution was on July 6, 1935, served upon the Industrial Commission of Ohio by leaving said notice with John J. Steel, the manager of the Cleveland office of said commission.

The notice required said Industrial Commission of Ohio, as garnishee, to appear before a referee of said court and answer on July 12, 1935. The Industrial Commission failed to appear or answer and the cause was continued from time to time and was heard on October 3, 1935, resulting in an order upon the Industrial Commission of Ohio.

It was admitted that the said Howenstine was an employee of the Industrial Commission of Ohio (see plaintiff's exhibit 5 and exhibit 7-a); and that his earnings were $133.32 per month; that he is a single man and not the head of, or contributing to ^the support of dependents.

The order upon the Industrial Commission of Ohio under date of October 3, 1935, was spread upon the journal of this court and a certified copy thereof served upon said commission. It provided as follows:

"It is therefore ordered, adjudged and decreed that the report of the referee be and the same is hereby approved and confirmed and said proceedings in aid of execution are sustained; that said the Industrial Commission of Ohio, as the judgment debtor's debtor be and same is hereby ordered to pay into court any and all amounts over and above $30 due the defendant Clarence E. Howenstine as personal earnings for the thirty days next preceding the date of the service of said order in aid of execution to apply on the judgment and costs of this case; it is also hereby ordered that judgment be and same is hereby rendered against the defendant for the costs of this proceeding."

The Industrial Commission failed to comply with said order of the court, whereupon plaintiff brought this action.

The original petition was filed herein on March 13, 1936, against the Industrial Commission of Ohio, defendant, and summons thereon issued and was on March 17, 1936 returned endorsed "Not Found." On March 19, 1936, an alias summons was issued and on March 20, 1936, was returned endorsed "Delivered copy to Donald Hornbeck, Agent." On defendant's motion to quash service of summons, this court on April 24, 1936, granted said motion and passed said cause for servcie. On June 1, 1936, plaintiff was given leave to file an amended petition and make new party defendant and Clarence E. Howenstine was made a new party defendant. Summons issued for said new party defendant for the Industrial Commission upon the amended petition. The summons for defendant Howenstine was returned not found. The summons for the Industrial Commission issued to the sheriff of Franklin County and was returned endorsed:

"On the 2nd day of June, 1936, I served the within named The Industrial Commission of Ohio by personally handing to A. D. Caddell, secretary of The Industrial Commission of Ohio, and to John W. Bricker, Attorney General of Ohio, each a true and certified copy of this writ with all the endorsements thereon, together with

a certified copy of the amended petition in this case.

Ross E. Anderson,
Sheriff of Franklin County, O.
A. C. Dickerson, Deputy."

On June 20, 1936, the defendant, Industrial Commission of Ohio, demurred to the amended petition, for the reason that the allegations thereof do not state a cause of action. This demurrer was on August 14, 1936, overruled and defendant was given leave to plead by August 24, 1936. Having failed to do so, plaintiff on August 29, 1936, filed its motion for judgment on the pleadings. On August 31, 1936, the defendant, Industrial Commission of Ohio, filed its answer. The court on September 4, 1936, on the hearing of the motion for judgment on the pleadings filed August 29, 1936, permitted said motion to stand and considered it as a motion to the answer filed on August 31, 1936. On September 21, 1936, said motion was heard and was treated as a motion to strike answer filed and granted said motion and gave defendant leave to plead by October 1, 1936. On October 2, 1936, defendant Industrial Commission of Ohio, filed its amended answer.

The matter, therefore, stands before the court on the amended petition and the amended answer of the defendant, Industrial Commission of Ohio, the action having been dismissed as to defendant Howenstine for lack of service.

At the conclusion of plaintiff's opening statement, defendant moved for judgment on the pleadings and opening statement of counsel. This motion was overruled. At the close of plaintiff's case, defendant moved the court for a judgment, and this motion was overruled. The defense having no testimony to offer, the matter was submitted to the court.

The defense contended throughout the proceedings herein that:

(1) This court has not jurisdiction of the person of the defendant, the Industrial Commission of Ohio, and

(2) That the petition does not state facts which constitute a cause of action for the reason that the commission, being a branch of the executive department of the state, cannot be sued without its express authorization.

(3) That, in any event, the employee upon whose debt this action against this defendant is predicated is paid from the general fund of the state and that, therefore, the treasurer of the state of Ohio would be the proper garnishee, if garnishment proceedings against the state may be maintained.

These questions will be considered and disposed of in the order named.

1. That the court has not jurisdiction of the person of the defendant.

This is one of the ten causes of demurrer to a petition provided in §11309, GC. It may be raised by demurrer when it appears on the face of the petition. §11311, GC, provides as follows:

"Objection by answer. When, on the face of a petition, no ground of demurrer appears, the objection may be taken by answer. If the objection is not made in either way, the defendant shall be deemed to have waived it, except only that the court has no jurisdiction of the subject of the action and that the petition does not state facts which show a cause of action."

The defendant failed to demur to the amended petition but filed an amended answer in this cause and did not raise the objection to the jurisdiction of the court by its answer. By the provisions of §11311, GC, above set out, such objection shall be deemed waived. It, therefore, follows that the conclusion of the court █ is that defendant, by pleading over, waived the right to object to the jurisdiction of the court over the person of the defendant and that an oral objection made at the time of and during the trial comes too late.

2. That the amended petition does not state facts which constitute a cause of action.

This objection, unlike the preceding one, may be raised at any time during the proceedings. The basis for the objection in the instant case as above pointed out, involves the following questions: (1) May the state of Ohio be sued without its express authorization, and (2) if a suit against the state may be maintained, has the state expressly authorized such suit so that this action may be maintained?

The first of these two questions must be answered in the negative. █ The second question presents a much more difficult problem, but is worthy of serious consideration.

The Ohio Constitution, in Article I, §16, provides as follows:

"Suits may be brought against the state, in such courts and in such manner as may be provided by law."

The theory upon which plaintiff predicates its case is that the passage by the legislature of Ohio of §11760, GC, constitutes the express authorization necessary to maintain its case. §11760, GC, provides as follows:

"Equitable and certain other assets.— When a judgment debtor has not personal or real property subject to levy on execution sufficient to satisfy the judgment, any equitable interest which he has in real estate, as mortgagor, mortgagee, or otherwise, or any interest he has in a banking, turnpike, bridge, or other joint stock company, or in a money contract, claim, or chose in action, due or to become due to him, or in a judgment or order, or money, goods, or effects, which he has in the possession of any person, or body politic or corporate, shall be subject to the payment of the judgment, by action."

To state the matter otherwise, plaintiff contends that the words "body politic," as used in said statute, includes the state of Ohio and any of its elected officers or appointed boards and agencies. It is conceded that if this interpretation does not apply that plaintiff cannot recover.

The language "body politic" has been before the reviewing courts for definition and interpretation on previous occasions.

In United States v Maurice, 26 F. 216, Chief Justice Marshall said: "The United States is a government and consequently a body politic and corporate."

Again, in City of Durham v Eno Cotton Mills, 141 N. C. 615, 54 SE 453, the court used the following language: "A body politic is a social compact by which the whole people covenants with each citizen, and each citizen with the whole people, that all shall be governed by certain laws for the common good."

The Court of Appeals for Cuyahoga County, in Uricich v Kolesar, reported in 54 Oh Ap 309, (22 Abs 490) 6 O.O. 1, held that the words "body politic" applied to and included counties and county officials. The Supreme Court, in passing upon that decision, affirmed the Court of Appeals decision. That opinion is reported in 132 Oh St 115. In its opinion, at page 118, the latter court discusses the matter in the following language:

"What is a 'body politic'? There is nothing in this statute to indicate that the words are employed in other than their common acceptation. 'Politic' is a deriva-

tive from a root signifying 'citizen.' It would seem therefore, that the phrase connotes simply a group or body of citizens organized for the purpose of exercising governmental functions. Such a group may be large or small, and it may be a group within a group. What basis then is there for excluding counties from the purview of the phrase even if it be conceded that in many respects they are but agencies of the state? Can it logically be said that they are not groups of citizens organized for the purpose of exercising governmental functions?"

In 8 Corpus Juris 1137 we find "bodies politic" defined as "associated bodies or communities of individuals with certain rights and privileges belonging to them by law in their aggregative capacity."

Our Supreme Court, in the Uricich case, supra, at page 119, said: "It is therefore the view of this court that until the Legislature provides a specific enactment to the contrary, the term "any * * * body politic," as employed in this statute, must be held to include counties."

Counsel have not referred the court to any decision specifically holding that a state is a body politic. However, analyzing the definitions hereinabove stated and applying the elements of each definition to the structure of a state, it is difficult to discern any distinguishing element so as to exclude the state from category of bodies politic.

The claim that a suit of this kind is against public policy has been disposed of in the early case of City of Newark v L. S. Funk & Bro., 15 Oh St 462 and again in Uricich v Kolesar, 132 Oh St 115, 7 O.O. 222.

The court, therefore, comes to the conclusion that the state of Ohio is a body politic and corporate and that the state or any of its elected officers or appointed boards or agencies may be sued by virtue of §11760, GC, for the purpose stated therein.

Having concluded that the state of Ohio and its subordinated agencies may be sued pursuant to the aforesaid section, we next turn our inquiry to the problem of the proper party defendant. The defendant in this case is the Industrial Commission of Ohio. The judgment debtor in this case is an employee of the Industrial Commission.

It is admitted that the Industrial Commission hires and supervises the work of its employees, but that such employees are

214

paid from the general revenue funds of the state appropriated for that purpose by the legislature. The treasurer of the state of Ohio is the legal custodian of all funds of the state including those from which the employees are paid. The Industrial Commission as such does not pay the employees, it merely certifies by warrant upon the state treasurer the amount due each employee and the treasurer in turn actually pays the employees. The salaries of those employees are debts of the state of Ohio and the state treasurer the legal custodian of the funds of the state.

In **Southern Ohio Finance Corp. v Wahl, 34 Oh Ap 518,** it was held in the first syllabus:

"A county auditor is not a proper party garnishee in proceedings in aid of execution to attach salary due from county to judgment debtor."

The court's conclusion was reached because, as it points out, the employee's salary was a debt of the county and that the auditor was not the custodian of the county's funds. By analogy at least, it would seem that the state treasurer, as the legal custodian of the state's funds, should have been made the party defendant. The court therefore, reaches the conclusion that the Industrial Commission is not the proper party garnishee in proceedings in aid of execution to attach salary due from the state to judgment debtor.

The finding will, therefore, be for the defendant.