FITZGIBBON, EXR., APPELLEE, *v.* DECHANT, APPELLANT.

(Decided April 22, 1938.)

*Mr. James C. Maher* and *Mr. Karl J. Ertle,* for appellee.

*Messrs. Levin & Levin,* for appellant.

WASHBURN, J. Edward W. DeChant, a county commissioner of Lorain county, was receiving a salary as such official of $150 a month, payable on the first of each month.

On August 2, 1937, he filed an application in the Municipal Court of Lorain for the appointment of a trustee under Section 11728-1, General Code, and such trustee was appointed on August 19, 1937, and DeChant was authorized by the court to draw his salary and pay to such trustee that portion of his personal earnings not exempt from execution, attachment or proceedings in aid of execution.

Appellee (Carroll E. Fitzgibbon, executor, a creditor), after one of his attorneys had been told by the trustee on October 21, and again on October 29, 1937, that no payments had been made to the trustee by De-Chant, filed, in the Common Pleas Court, on October 29, 1937, a motion for proceedings in aid of execution in a cause wherein appellee had recovered a judgment against DeChant; and that motion was granted.

On November 3, 1937, DeChant filed a motion in the Common Pleas Court to quash said proceedings in aid of execution, and after several hearings that motion was denied.

Notice of appeal was seasonably filed, and the mat-

ter is before this court as an appeal on questions of law.

It is urged that, inasmuch as a trustee under Section 11728-1, General Code, had been appointed, and appellee's claim had been filed with the trustee, the appellee could not prosecute proceedings in aid of execution, and that therefore the Common Pleas Court erred in overruling the motion to quash and ordering the garnishee, the treasurer of Lorain county, Ohio, to pay to appellee 20% of the salary due to DeChant on October 30, 1937, and to pay to DeChant the balance of his salary due on that date.

It is also urged that, DeChant being an elected county official, his salary as such could not be sequestered by proceedings in aid.

As to the claim that, as none of DeChant's indebtedness was for necessaries or work or labor, his exemption was 90% and not 80%, it is urged that because Section 10273, General Code, provides that the demand necessary to be made before proceedings in aid against personal earnings are instituted ''may be for the excess above 90% earned during the interval of thirty days,'' appellee was entitled to sequester only 10% of DeChant's salary, instead of 20%, as provided by the exemption statute governing (among other things) personal earnings, to wit, Section 11725, General Code.

We hold against DeChant upon that contention.

Before Section 11728-1, General Code, providing for the appointment of a trustee, was passed, the law provided (Section 11725, General Code) for an exemption of 80% of the debtor's personal earnings as against a claim for necessaries or work or labor, and an exemption of 90% as against all other claims, and at the time provision was made for the appointment of a trustee by Section 11728-1, General Code, said exemption statute (Section 11725, General Code) was amended to provide an exemption of 80% for all claims, although

provision was made in Section 11728-1 for a preference in favor of claims for necessaries or for work or labor, in the distribution of the 20% not exempt.

At said time, the various procedural statutes applying to the Common Pleas Court and to inferior courts were amended so as to conform to such change, with the exception of Section 10273, General Code, relating to procedure in the justice courts, where reference is made to the 90% exemption that existed in the law before the exemption statute governing personal earnings (Section 11725, General Code) was amended, as hereinbefore set forth.

Section 10273, General Code, is not an exemption statute, but is a procedural statute applying to the justice courts, and was appropriate when the exemption statute governing personal earnings (Section 11725, General Code), provided a 90% exemption for certain claims and an 80% exemption as to other claims, but has no appropriate application under the present wording of Section 11725. Then, as now, the exemption applicable in all courts was fixed by Section 11725, General Code; both before said amendments were made, and since, it was and is provided by Section 11728, General Code, that the exemptions provided for in Section 11725 should apply to all courts in the state, "including justices of the peace and mayors' courts."

Even if Section 10273, General Code, could be considered as an exemption statute, it would be inapplicable, because of the later amendment of the exemption statute (Section 11725, General Code), and the provisions of Section 11728, General Code, which make the exemptions set forth in Section 11725 applicable to justices' courts.

We hold that, under the statutes as they now are, the exemption of 80% applies to all claims, and that the preference given to claims for necessaries is applicable

only upon the distribution provided for under the trustee statute.

As to the claim that because of the trusteeship the Common Pleas Court should have quashed the proceedings in aid of execution which were brought in that court:

The trusteeship statute (Section 11728-1, General Code) provides that "The trusteeship herein provided for shall terminate upon the failure of the debtor to make the payments required by this act and in accordance with the rules established by the justice of the peace or judge, and all privileges in this section provided from attachment, garnishment, proceedings in aid of execution or any other action to subject personal earnings of such debtor to payment of claims or judgments *shall terminate* upon such neglect and *remain* so terminated until such time as a justice of the peace or a judge, upon application of said debtor, *and notice to creditors,* shall reinstate such trusteeship." (Italics ours.)

We hold that, inasmuch as said statute grants to the debtor a privilege which he can claim and enjoy only by compliance with the statute, said statute is self-executing; and when it appears, in a proceedings in aid of execution in the Common Pleas Court, that the debtor has not complied with said statute, the court has the right, and it is its duty, to treat the trusteeship as ended, so far as the proceedings in aid in that court are concerned.

In this case the Common Pleas Court found that DeChant had not complied with the terms of the trusteeship, and such finding is fully warranted by the evidence in the bill of exceptions.

According to the bill of exceptions, the Municipal Court has failed to establish any rules governing such trusteeships in that court; and the record shows that such court made but one order in this particular trus-

teeship, that being the order appointing the clerk trustee; and that order, instead of directing the treasurer to pay to said trustee the portion of the personal earnings of DeChant which were not exempt from execution, attachment or proceedings in aid of execution, simply ordered DeChant "to make his own payments into court."

We have found that the amount payable is fixed by the exemption statute, and that in this case, if we figure only for the period of September, it was $30; and, under that theory, in the absence of any order of the court fixing a shorter time, the first payment of DeChant to the trustee was due October 1, 1937. Construing the evidence most favorably to DeChant, nothing was paid until October 11, 1937, when $30 was paid; and the payment which should have been made on November 1 was not made until November 3, but even then was not $30, the amount required, but only $15.99; and the Common Pleas Court's finding, on January 17, 1938, that DeChant had not complied with the terms of said trusteeship, was therefore correct.

Strictly speaking, and in fairness to all parties concerned, the debtor should be required to pay to the trustee the 20% of his personal earnings not exempt, beginning from the day on which his application for a trustee was made, and by means of which application he prevented the creditor giving notice from instituting his proceedings in aid; and if figured from that date in this case there was a substantial payment which should have been made to the trustee on September 1, the first pay day after said application was made.

As to the other question involved, we deem it to be settled in Ohio that it is not against public policy to permit the sequestering, by aid of execution proceedings, of the salary of a county official that is due and unpaid, the obligation to pay such salary being fixed

without reference to future service or considerations. We make no attempt to cite the many cases in Ohio in which that proposition of law has been approvingly referred to, but we do cite the case where it was specifically announced, and the case where it was only recently specifically approved by the Supreme Court. *City of Newark* v. *L. S. Funk & Bro.*, 15 Ohio St., 462. *Uricich* v. *Kolesar*, 132 Ohio St., 115, 5 N. E. (2d), 335.

See also *Cooper* v. *Schooley*, 26 Ohio App., 313, 159 N. E., 727, where the salary of a member of a city council was sequestered by proceedings in aid of execution.

*Judgment affirmed.*

STEVENS, P. J., and DOYLE, J., concur.