**POOLE, Appellant,**

v.

**INLOW, Appellee.**

[Cite as *Poole v. Inlow* (1992), 80 Ohio App.3d 379.]

Court of Appeals of Ohio,
Brown County.

No. CA92–02–001.

Decided July 27, 1992.

*Carl W. Zugelter,* for appellant.

*James W. Gustin* and *John E. Brehm, Jr.,* for appellee.

JONES, Presiding Judge.

Plaintiff-appellant, Helena M. Poole, filed a personal injury action against defendant-appellee, Robert G. Inlow, claiming she was injured as a result of appellee's negligent operation of a motor vehicle. Appellee was granted summary judgment and appellant appeals, presenting the following assignment of error for review:

"The trial court erred to the prejudice of plaintiff-appellant in finding that there was no material issue of fact and that the defendant-appellee was entitled to summary judgment as a matter of law."

On July 9, 1988, appellee, an emergency medical technician ("EMT") and member of the Sardinia Life Squad and Rescue Unit of Brown County ("Sardinia Life Squad"), was "toned out" on his electronic pager to make an emergency transfer of a hospital patient from Brown County to Cincinnati. Driving his privately owned van equipped with a red emergency light, appellee headed to the squad building to obtain an ambulance for the transfer. While enroute, appellee approached an intersection and came upon appellant, who was proceeding in the same direction on a motorcycle. Appellant pulled to the right as if she intended to yield or turn right at the intersection that was still forty-five feet away. As appellee proceeded to pass appellant at a slow rate of speed, appellant pulled to her left and collided with appellee's van.

Of the four issues appellant submits for review, the first issue—whether appellee was entitled to statutory immunity under R.C. 2744.02(B)(1)(c)—is the most significant. Although the trial court granted judgment to appellee without benefit of an opinion, judgment must have been granted on the basis of statutory immunity since such was the only ground appellee argued in support of his motion.

R.C. 2744.02(B)(1)(c) provides that a political subdivision is liable for injuries or damages caused by the negligent operation of any motor vehicle on public roads by an employee of the subdivision unless the employee is a member of an emergency medical service owned or operated by a political subdivision and the employee is operating his motor vehicle while responding to or completing a call for emergency medical care or treatment, has a valid driver's license, and whose operation of the vehicle did not constitute willful or wanton misconduct and complied with R.C. 4511.03. A "political subdivision" is defined as any body corporate and politic responsible for governmental activities in a geographic area smaller than the state. R.C. 2744.01(F). Governmental functions include the provision of emergency medical, ambulance and rescue services. R.C. 2744.01(C)(2)(a).

In addition, R.C. 3303.21(D) provides that:

"No EMT–A [emergency medical technician-ambulance] * * * who is employed by an emergency medical service that is not owned or operated by a political subdivision as defined in section 2744.01 of the Revised Code, is liable in civil damages for injury * * * caused by the EMT–A's * * * operation of an ambulance while responding to or completing a call for emergency medical care or treatment * * *."

It is therefore clear that an EMT employed by an emergency medical service not owned or operated by a political subdivision is not immune from

civil liability for injuries caused by his operation of a private motor vehicle. See 1988 Ohio Atty.Gen.Ops. No. 81–088, at 2–338.

In order for immunity under R.C. 2744.02 to apply, either the Sardinia Life Squad itself must be a political subdivision performing a governmental function, or the Sardinia Life Squad must constitute an emergency medical service owned or operated by a political subdivision.

On the issue of whether the Sardinia Life Squad is a "political subdivision" as defined by R.C. 2744.01(F), the evidence reveals that the Sardinia Life Squad is a nonprofit corporation organized pursuant to R.C. Chapter 1702. In this regard, it qualifies as a "body corporate." Although not defined by statute, a "body politic" is a "group or body of citizens organized for the purpose of exercising governmental functions." *Uricich v. Kolesar* (1936), 132 Ohio St. 115, 118, 7 O.O. 222, 223, 5 N.E.2d 335, 337. The evidence shows that the Sardinia Life Squad exercised a governmental function by providing emergency medical services in the Brown County area.

We also note that R.C. 307.05 authorizes a board of county commissioners to provide ambulance or emergency medical services. Specifically, R.C. 307.05 provides that:

"A board of county commissioners may provide ambulance service or emergency medical service, or may enter into a contract with one or more counties, townships, municipal corporations, *nonprofit corporations,* or private ambulance owners * * * in order to obtain ambulance service * * * or obtain emergency medical services * * *." (Emphasis added.)

If a nonprofit corporation such as the Sardinia Life Squad is a "political subdivision," then it seems unlikely that the legislature would have written R.C. 307.05 as it did. Rather, the statute would have been written to permit a board of county commissioners to enter a contract with one or more *political subdivisions or private ambulance owners* for such services. R.C. 307.05 specifically refers to counties, townships and municipal corporations, all of which clearly qualify as political subdivisions. See R.C. 2744.01(F). However, the statute separately includes nonprofit corporations and private ambulance owners as independent providers of emergency services without referring to or defining such entities as political subdivisions. Accordingly, R.C. 307.05 was written to give a board of county commissioners the option to contract with other political subdivisions, nonprofit corporations such as the Sardinia Life Squad, or private ambulance owners for necessary ambulance and emergency medical service.

Turning to the question of whether the Sardinia Life Squad was "operated" by another political subdivision, *i.e.,* Brown County, there is evidence that the Brown County Board of County Commissioners owned the ambulance that the

squad used and provided maintenance and insurance for the vehicle. Beyond this, however, there is no evidence of how much operational control the county commissioners exercised over the Sardinia Life Squad.

We therefore find, as a matter of law, that the Sardinia Life Squad is neither a political subdivision nor an emergency medical service operated by another political subdivision and that the defenses of R.C. 2744.02(B)(1)(c) are inapplicable to the case at bar. An EMT employed by a nonprofit corporation not owned or operated by a political subdivision is protected by the immunity provided in R.C. 3303.21(D) and is immune only while operating an ambulance.

Summary judgment shall only be rendered under Civ.R. 56(C) if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See *Bostic v. Connor* (1988), 37 Ohio St.3d 144, 524 N.E.2d 881. Having found that appellee is not entitled to judgment as a matter of law, we reverse the lower court's judgment and remand the cause herein for trial on appellant's personal injury action. Appellant's remaining issues simply present additional legal grounds for challenging the summary judgment. See *N. Coast Cookies, Inc. v. Sweet Temptations, Inc.* (1984), 16 Ohio App.3d 342, 16 OBR 391, 476 N.E.2d 388. Because we have reversed the judgment on the first issue, these remaining issues are moot and will not be given further consideration. For the reasons set forth above, appellant's assignment of error is well taken and sustained.

*Judgment reversed*
*and cause remanded.*

KOEHLER and WILLIAM W. YOUNG, JJ., concur.