LISH  et al.

v.

COOLVILLE  VOLUNTEER  FIRE  DEPARTMENT  et al.

Court of Common Pleas of Ohio,
Athens County.

No. 94CI000050.

Decided Feb. 10, 1995.

*Steven L. Story,* for plaintiffs.

*Mollica, Gall, Sloan & Sillery* and *Steven T. Sloan,* for defendants Coolville Fire Department and Ricky L. Smith.

*Richard A. Hayhurst,* for defendants National General Insurance Company, Legionnaire's Insurance Trust Vehicle Insurance Plan.

MICHAEL WARD, Judge.

The complaint alleges four causes of action. In the first cause, plaintiff Vicki L. Lish claims that her injuries were a direct result of the negligence of defendant Ricky L. Smith ("Smith") in causing a vehicular accident and defendant Coolville Volunteer Fire Department ("CVFD") for negligently failing to supervise Smith. The second cause alleges willful, wanton, and reckless behavior on the part of Smith and CVFD in the operation of the fire truck.

The plaintiffs and defendants Smith and CVFD have filed cross-motions for summary judgment. They have also filed memoranda contra.

On February 2, 1995, the motions came on for oral hearing. The plaintiffs were present and represented by attorney Steven L. Story. Smith and representatives of CVFD were present and represented by attorney Steven T. Sloan. Defendant National General Insurance Company, Legionnaire's Insurance Trust Vehicle Insurance Plan, was represented by attorney Richard A. Hayhurst.

Smith and CVFD (hereinafter referred to as "defendants") submit that they are entitled to summary judgment because they are immune pursuant to the Ohio Governmental Immunity Act. R.C. 2744.01 *et seq.* The plaintiffs submit that they are entitled to summary judgment on the issue of negligence as alleged in

the first cause of action of the complaint, as well as on the issue of governmental immunity. If the court finds that governmental immunity exists for the defendants, such will automatically result in a denial of the plaintiffs' motion for summary judgment.

■ Summary judgment is appropriate when the movant demonstrates (1) that there is no genuine issue of material fact, (2) that he, she, or it is entitled to judgment as a matter of law, and (3) that reasonable minds construing the evidence most strongly in the nonmovant's favor could only conclude adversely to the nonmovant. See Civ.R. 56(C); *Schwartz v. Bank One, Portsmouth, N.A.* (1992), 84 Ohio App.3d 806, 809, 619 N.E.2d 10, 11–12.

The parties agree that R.C. 2744.02(A)(1) generally provides immunity to political subdivisions. R.C. 2744.02(B)(1) creates an exception to immunity for the negligent operation of a motor vehicle by a political subdivision employee acting within the scope of his/her employment and authority. However, possible defenses to liability exist under R.C. 2744.02(B)(1)(b), 2744.03(A)(5) and (6), among other places.

■ The language at issue here concerns the definition of "political subdivision" as found in R.C. 2744.01(F):

" 'Political subdivision' or 'subdivision' means a municipal corporation, township, county, school district, *or other body corporate and politic responsible for governmental activities* in a geographic area smaller than that of the state." (Emphasis added.)

The plaintiffs agree that CVFD is a corporate body; however, the plaintiffs contend that CVFD is not a body politic. Both parties cite *Cincinnati Ins. Co. v. Rose* (1992), 63 Ohio Misc.2d 1, 612 N.E.2d 819, in support of their positions. *Poole v. Inlow* (1992), 80 Ohio App.3d 379, 609 N.E.2d 238, an appellate case from Brown County, is also pertinent.

The *Rose* court found that although the Hartford Volunteer Fire Department performed functions which were also provided by governmental units, that fact alone did not confer upon the department the status of political subdivision. In *Rose* at 7, 612 N.E.2d at 823, the court wrote as follows: "Any definition of 'body politic' must include an element of governmental control." The court further wrote as follows:

"No governmental entity controls the operations and activities of the Hartford Volunteer Fire Department, and the general public cannot, directly or indirectly by vote or otherwise, control the operations, activities, and membership. It is rather obvious that the Hartford Volunteer Fire Department does not want such

control. If it did it could organize as a township or joint-township firefighting agency under the applicable statutes." *Id.*

The defendants herein submit that the village of Coolville exercises significant control over CVFD, unlike that which was exercised over the Hartford Volunteer Fire Department in *Rose*:

1. Coolville owns and leases the fire department's building;

2. Coolville insures the building; and

3. Coolville has purchased equipment for the fire department.

Also, CVFD is under contract to provide fire protection for Troy and Carthage Townships and the contracts are funded by revenue generated by fire levies.

The question, as argued by the defendants at the oral hearing, is what is sufficient to constitute control? The defendants submit that their responsibility is limited to the defined geographical areas of Coolville and Troy and Carthage Townships, whereas *Rose* had an undefined area. However, the decision in *Rose* states that the Hartford Volunteer Fire Department's responsibility was a three-county area.

The defendants also argue that without tax levy funds, the volunteer fire department cannot operate. In other words, the defendants submit that if the voters became dissatisfied with the operation of the fire department, they could refuse to pass the fire levies.

The defendants further argue that CVFD was in existence before the Governmental Immunity Act was passed; that it was covered by the prior Governmental Immunity Act; and that the statute does not make it clear how a private volunteer fire department is covered by the statute. However, the court finds that either intentionally or by omission, the legislature addressed neither the question of whether nonprofit corporations are covered by the statute nor the procedures that nonprofit corporations should take to be covered.

In *Poole, supra,* the issue was whether the Sardinia Life Squad was "operated" by Brown County. Despite the fact that the Brown County Commissioners owned the ambulance that the squad used and provided maintenance and insurance for the vehicle, the court found that the Sardinia Life Squad was neither a political subdivision nor an emergency medical service operated by another political subdivision and that the defenses of R.C. 2744.02(B)(1)(c) were inapplicable.

Pursuant to R.C. 505.37, a township may provide fire protection for its citizens by either employing firefighters or entering into a contract with a volunteer fire company. In a government-operated fire department, the government appoints a

fire chief, decides who will be allowed to be firefighters, purchases equipment, and owns or leases a building to house the firefighting equipment. The township fire department is supported by tax levies.

Where a nonprofit corporation is involved, the township enters into an agreement with the private corporation for fire protection. The township has no authority over the appointment of a fire chief, designation of firefighters, purchase of equipment, or buildings to house firefighting equipment. Funds to pay the nonprofit corporation are raised by the village or township and then paid to the corporation pursuant to the contract.

The defendants argue that village and township citizens control the nonprofit firefighting corporation because the citizens must pass the levy. However, the government of the township or village may pay for firefighting protection if they have sufficient revenues without passing a levy for firefighting protection.

The defendants want the court to compare the functions of a township-operated fire department and a nonprofit firefighting fire department and find that the functions are similar. The court agrees that the functions are similar. However, regarding the issue of control, the court disagrees with the defendants. The court finds that the control sufficient for CVFD to be a body politic is lacking. CVFD is not under governmental control. CVFD may terminate the contract with reasonable notice. CVFD is free to contract or not contract with Coolville or Troy and Carthage Townships or any other political subdivision. CVFD, and not any political subdivision, controls the money that CVFD receives pursuant to the contracts with Troy and Carthage Townships. If CVFD wanted the control of Coolville or Troy and Carthage Townships, it could have organized as a township or village agency under the applicable statutes.

As an example, the court recently presided over *Malone v. Adkins* (1994), Athens C.P. No. 93CI000143, unreported, which concerned a vehicular accident involving a volunteer firefighter who was traveling to the fire station pursuant to a fire call. Because the volunteer fire department was apparently operated by the village as opposed to being a nonprofit corporation, lack of immunity was not raised as an issue by the plaintiff.

As the court stated at the hearing, it has great respect for the members of CVFD who volunteer many hours at considerable risk to fight fires and maintain the firefighters' effort. The members are extremely community-minded and are to be commended, not only for their firefighting skills, but also for their fund-raising activities for other volunteer efforts. However, this court must interpret the statute and cannot grant immunity on the basis that CVFD's volunteer efforts

are laudable. The General Assembly must amend the statute to provide this immunity if the General Assembly is inclined to do so.

The court finds that CVFD is not a body politic and, therefore, not a political subdivision. Thus, it is not immune. Because CVFD is not immune, Smith is also not immune.

The court grants the plaintiffs' motion insofar as it requests a summary finding in their favor on the immunity issue. The defendants' motion as to the immunity issue is denied.

The court will also deny the plaintiffs' motion for summary judgment on the issue of negligence because there are many issues of fact:

1. Whether the lights, siren, and air horn on the fire truck were in operation.

2. Whether the actions of plaintiff Lish could have avoided the collision.

3. Whether other vehicles heeded the warnings of the defendants.

4. Whether other vehicles stopped to allow the fire truck to proceed across U.S. Route 50/7 in front of them.

5. Whether plaintiff Lish or defendant Smith failed "to yield the right of way."

6. Whether the response to the fire was an "emergency."

For the reasons stated above, partial summary judgment is granted to the plaintiffs on the immunity issue. In all other respects, the cross-motions for summary judgment are denied.

*So ordered.*